# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>MAHESH PATEL, et al.,<br>*Defendants*. | No. 3:21-cr-220 (VAB) |

**AMENDED PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for modification of the Protective Order in this case dated January 17, 2022 (the "January 17, 2022 Order") to provide appropriately tailored reciprocal protection for discovery produced by the defendants, it is therefore ordered that:

1. All documents (and the information contained therein) disclosed by the United States (the "Government") or a defendant in discovery to date or at any time after the date of this Amended Order, including documents disclosed pursuant to 18 U.S.C. § 3500; Federal Rules of Criminal Procedure 16 and 26.2; *Brady v. Maryland*; and/or *United States v. Giglio* ("Disclosed Documents"), may be reviewed by the Government or Defendants (each a "Party" and collectively the "Parties"), Defense Counsel or Government Counsel (the "Parties' Counsel"), and the Parties' Counsel's agents only for the purposes of the prosecution and defense of, and the pursuit of any appeals in, this criminal case. The term "Government Counsel" means the full-time, part-time, and contract employees of the Department of Justice and the law enforcement agents assisting with this case, and secretarial, clerical, paralegal, and student personnel and litigation support vendors retained by such persons or on their behalf in connection with this case (e.g., vendors that provide services such as photocopying, videotaping, translating, preparing

1

exhibits or demonstratives, or organizing, storing, or retrieving data in any form or medium) and the employees and subcontractors of those vendors. "Defense Counsel" means the full-time, part-time, and contract employees of the defendants' counsel of record in this case including secretarial, clerical, paralegal, and student personnel and litigation support vendors retained by defendants or on their behalf in connection with this case (e.g., vendors that provide services such as photocopying, videotaping, translating, preparing exhibits or demonstratives, or organizing, storing, or retrieving data in any form or medium) and the employees and subcontractors of those vendors. To the extent that Disclosed Documents are shown or provided to additional persons consistent with the terms set forth below, those additional persons may use the documents only for the purposes of this criminal case, including any appeals.

2. Disclosed Documents:

a. shall not be copied or otherwise recorded by the Parties, except as deemed necessary by the Parties' Counsel for the purpose of prosecuting or defending the criminal proceedings in this case;

b. shall not be distributed or disclosed in any form by the Parties or the Parties' Counsel except as set forth in paragraphs 2(c) and 2(d) below;

c. may be distributed or disclosed only by the Parties' Counsel to the following persons:

    i. expert witnesses (including potential expert witnesses), investigators, or advisers who are engaged by the Parties or on their behalf in connection with this case, provided that beforehand such persons are provided a copy of this Amended Order and acknowledge in writing their agreement to be bound by its terms;

    ii. counsel for potential witnesses (when such individuals are represented by counsel) in connection with interviews or other communications by the Parties'

Counsel in the course of investigating, prosecuting, or defending the case, provided that beforehand such potential witnesses and their counsel are provided a copy of this Amended Order and acknowledge in writing their agreement to be bound by its terms;

iii. counsel for the entities referenced in the Indictment as Companies A through F and their affiliates, provided that beforehand such entities and their counsel are provided a copy of this Amended Order and acknowledge in writing their agreement to be bound by its terms;

iv. such other persons as hereafter may be authorized by the Court upon motion by a Party, upon such terms as the Court may determine.

d. may be disclosed only by the Parties' Counsel to the following persons:

i. potential witnesses unrepresented by counsel and other third parties in connection with interviews or other communications by the Parties' Counsel in the course of investigating, prosecuting, or defending the case, except that the Parties' Counsel may not provide copies or recordings of Disclosed Documents to such unrepresented potential witnesses and third parties, and provided that beforehand such persons are provided a copy of this Protective Order;

ii. participants in a focus group or mock jury or similar exercise who have acknowledged in writing their agreement not to use the Disclosed Documents for any purpose other than such exercise, and who shall not be permitted to retain any copies of the Disclosed Documents; and

iii. such other persons as hereafter may be authorized by the Court upon motion by a Party upon such terms as the Court may determine.

3

3. The Parties' Counsel shall maintain copies of the written acknowledgements of persons and entities to whom they have provided copies of Disclosed Documents pursuant to paragraph 2(c), which such recipients may provide electronically, including by email reply, and such acknowledgements need not be disclosed or provided to the other Parties by the Parties' Counsel who receive them unless ordered by the Court. Any acknowledgments of the terms of the January 17, 2022 Order given to Defense Counsel before the date of this Amended Order shall remain binding as to any Disclosed Documents provided by the Government to date.

4. Should any Party seek to file Disclosed Documents with the Court at any time, it will do so only (1) under seal or (2) with the express permission of all other Parties.

5. The provisions of this Amended Order shall not be construed as preventing the disclosure of any information in any conference, hearing, trial, or sentencing proceeding held in this case. In addition, the provisions of this Amended Order shall not be construed as preventing the Government's retention, use, or disclosure of any information outside the context of this case to the extent permitted or required by law, regulation, or court order.

6. The terms of this Amended Order shall not apply to documents or information obtained by a Party from a source other than the Disclosed Documents. To the extent that Disclosed Documents contain documents that are also publicly available (without fault of a Party), nothing in this Amended Order shall restrict the use of such publicly available documents.

7. The Parties will abide by the restrictions set forth in this Amended Order unless a Party makes a written request to the Party who produced the Disclosed Documents that are the subject of the request for an exception to these restrictions, the producing Party grants such a request, and the Court is so notified. The Parties shall make all reasonable efforts to accommodate such

exceptions. If the Parties cannot reach agreement on such a request, they may seek relief from the Court.

8. The Government may designate certain Disclosed Documents as "Protected Discovery Material," under Section (G) of the United States District Court for the District of Connecticut's Standing Order on Discovery (Amended September 10, 2020) (the "Standing Order"). Documents designated as Protected Discovery Material will be subject to the custody and public disclosure provisions contained in Sections (G)(2) and (G)(3) of the Standing Order, as well as the provisions of this Amended Order, except that in addition, Defense Counsel may designate any statements of witnesses they produce as Protected Discovery Material, which will be subject to the custody and public disclosure provisions contained in Sections (G)(2) and (G)(3) of the Standing Order, as well as the provisions of this Amended Order. Defense Counsel also may provide copies or recordings of any Disclosed Documents, including documents that any Party may designate as Protected Discovery Material, to their respective clients.

9. Except as provided in Paragraph 5 above, upon completion of the case, the Parties shall return all Disclosed Documents in their possession, as well as copies made, to the producing Party, or shall destroy such materials. This requirement shall not apply to any portions of Disclosed Documents that may be incorporated into any attorney work product. If such material is maintained, it shall be maintained consistent with the terms of this Amended Order.

10. Notwithstanding the foregoing, this Amended Order does not restrict the review or use of specific Disclosed Documents by the Party that produced those documents in this case.

11. This Amended Order is issued without prejudice to any Party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this

Amended Order upon motion of any Party even after the conclusion of district court proceedings in this case.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of February, 2023.

       /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge