UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| | : | |
| v. | : | |
| | : | |
| MAHESH PATEL, | : | |
| ROBERT HARVEY, | : | |
| HARPREET WASAN, | : | February 23, 2023 |
| STEVEN HOUGHTALING, | : | |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

**THE UNITED STATES' MOTION *IN LIMINE* # 7
TO EXCLUDE REFERENCES TO STATUS OF UNCHARGED CO-CONSPIRATORS**

The Government respectfully requests that the Court issue an order precluding the Defendants from introducing evidence or argument regarding the status of any unindicted co-conspirators because such matters are both irrelevant and prejudicial in the upcoming trial.

At trial, the Defendants may seek to introduce evidence of the existence of unindicted co-conspirators in an attempt to mitigate their own criminal liability. Such evidence should be precluded because it is not relevant; as the Government sets forth below, the existence of unindicted co-conspirators has no relevance as to whether each Defendant participated in the charged conspiracy. Further, despite not being relevant evidence, even if the Government's charging decisions have some limited probative value, it is substantially outweighed by the danger of confusion and unfair prejudice and should nevertheless be precluded.

## ARGUMENT

**I.      Evidence Regarding the Status of Unindicted Co-Conspirators is not Relevant and Therefore Inadmissible.**

Under the Federal Rules of Evidence, evidence must be relevant in order to be admissible. Fed. R. Evid. 402. Evidence "is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As this Court has recognized, the Government's charging decisions are not evidence. *United States v. Sarcia*, No. 3:19-cr-00064 (VAB), 2022 U.S. Dist. LEXIS 222079, at *9 (D. Conn. Dec. 9, 2022). *See also United States v. Glaziou*, 402 F.2d 8, 15 (2d Cir. 1968) ("An indictment is only an accusation . . . It is not evidence that the offense charged was committed and may not be considered as evidence by the jury during their deliberations."). Further, whether the Government charges other individuals or corporations as part of the criminal antitrust conspiracy at issue here "has no bearing on any fact of consequence

in determining this action." *United States v. Kosinski*, No. 3:16-CR-00148 (VLB), 2017 U.S. Dist. LEXIS 180459, at *8 (D. Conn. Oct. 31, 2017).

Here, the grand jury charged six Defendants, each of whom were executives at their respective companies at the time, with a conspiracy to allocate a market over an eight-year span. As the indictment itself indicates, the Defendants had unindicted co-conspirators, including Companies A-F referenced in the indictment. But whether the Government charged, did not charge, or could have charged others has no bearing on whether each of the Defendants committed the crime charged. Whether other persons or corporations could have also been charged is not relevant as to whether the conspiracy existed, whether the Defendants knowingly entered into it, and whether the conspiracy had a nexus with interstate or foreign commerce.

Any reference by Defendants to the uncharged status of others who engaged in the same or similar acts with which Defendants are themselves charged is tantamount to blaming the proverbial "empty chair." The argument that "[the Defendants] must not be guilty" simply "because others who have acted similarly were not prosecuted . . . is not logically sound." *Kosinski*, 2017 U.S. Dist. LEXIS 180459, at *8. *See also United States v. Rickenbacker*, 309 F.2d 462, 464 (2d Cir. 1962) ("The fact that not all criminals are prosecuted is no valid defense to the one prosecuted.") (cleaned up). Rather, the Government's decision not to charge an individual or corporation "depend[s] on the resources available at the time, current Department of Justice policy, and the evidence available," and has no probative value as to any elements of the charged offense. *Kosinski*, 2017 U.S. Dist. LEXIS 180459, at *8.[1]

---

[1] The Government may call at trial witnesses who may testify pursuant to an immunity order, letter immunity, or grant of conditional leniency. The Government does not seek to exclude evidence of charging decisions relating to those witnesses for the limited purpose of cross-examination on the issue of the witnesses' credibility.

Just as the Government's charging decisions are not evidence, neither is a person or corporation's status as a co-conspirator.[2] "Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within[] the sole discretion of the Government. Therefore, the jury may not consider it in any way in reaching a verdict." *Sarcia*, 2022 U.S. Dist. LEXIS 222079, at *9 (cleaned up). Accordingly, who the Government did or did not identify as co-conspirators is not relevant and has no probative value as to any fact of consequence or element of the charged criminal antitrust conspiracy. Whether the Government identified or could have identified other individuals or corporations as co-conspirators has no effect on "how probable" is the existence of the charged criminal antitrust conspiracy or "how probable" it is that the Defendants knowingly joined that conspiracy. Fed. R. Evid. 401. Because references to whom the Government has or has not designated as co-conspirators are irrelevant, they are inadmissible and should be precluded.

## II. Evidence or Argument Concerning the Government's Charging Decisions and Co-Conspirator Designations are Unfairly Prejudicial Under Fed. R. Evid. 403.

Even if the Government's charging decisions and co-conspirator designations were somehow relevant evidence under Federal Rule of Evidence 401—and they are not—such evidence or argument should be precluded under Federal Rule of Evidence 403.

Any probative value from the admission of such evidence would be substantially outweighed by the dangers of misleading and confusing the jury. In *United States v. Borrero*, for example, the trial court precluded the prosecutor's earlier decision to bring and later dismiss charges against a third-party, based on his misidentification by a witness, because of "the risk of

---

[2] The Government has disclosed to all Defendants a list of unindicted co-conspirators "whose participation in the conspiracy may come within the scope of the Government's case in chief, either through testimony or documentary evidence." While this list was extensive, it is not exhaustive of all identified or potential co-conspirators within the entire scope of the conspiracy.

3

[creating] undue confusion and an unnecessary sideshow." *United States v. Borrero*, 13 Cr. 58 (KBF), 2013 U.S. Dist. LEXIS 160479, *1-3, *5 (S.D.N.Y. Nov. 1, 2013). The court precluded the charging decisions after it determined that they had little probative value, as they did "not make it more or less likely that Borrero was part of the [charged] conspiracy," and that the introduction of the charging decisions would cause confusion that would require a witness to resolve, creating unnecessary delay. *Id*. at *5-6. This risk of confusion and delay substantially outweighed the charging decisions' probative value, and so the court precluded them. *Id.* at *6.

Charging decisions and co-conspirator designations pose a real threat of inviting the jury to draw improper inferences between the existence of uncharged co-conspirators and the Defendants' guilt or innocence. A jury could erroneously conclude that the existence of unindicted co-conspirators in some way negates the Defendants' own guilt. In *United States v. Klein*, a criminal case brought by the Department of Justice ("DOJ"), the district court excluded the United States Securities and Exchange Commission's ("SEC") earlier parallel civil complaint and charging decisions after finding that their limited probative value was substantially outweighed by the danger of unfair prejudice and confusion. *United States v. Klein*, 16-cr-442 (JMA), 2017 U.S. Dist. LEXIS 19943, at *2, *28 (E.D.N.Y. Feb. 10, 2017). The court found that that admission of the SEC complaint and charging decisions would result in "mini-trials" about whether the DOJ and SEC sued the correct defendants and about their respective investigations, that "shift the jury's focus away from whether the [DOJ] ha[d] proven the [defendants'] guilt beyond a reasonable doubt." *Id*. at * 24, *26-28 (cleaned up). The *Klein* court precluded the SEC's complaint and charging decisions because the danger of prejudice and confusion these mini-trials represented substantially outweighed the minimal probative value they provided.

4

Because the probative value of the Government's charging decisions and co-conspirator designations are substantially outweighed by the danger that this evidence could mislead the jury or confuse the issues, it should be precluded.

## CONCLUSION

For reasons set forth above, the United States respectfully requests that the Court enter an order that no Defendant may introduce or elicit evidence regarding the existence or status of unindicted co-conspirators.

Respectfully submitted,

*/s/ Amanda Barnes*
CARRIE A. SYME
T. JAKOB SEBROW
AMANDA A. BARNES
TRIAL ATTORNEYS, NEW YORK OFFICE
U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Tel.: 202-677-2673

DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30434
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT 06510
Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2023, a copy of the forgoing UNITED STATES' MOTION IN LIMINE #7 TO EXCLUDE REFERENCES TO THE STATUS OF UNCHARGED CO-CONSPIRATORS was filed electronically and served to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept filing on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                            */s/ Amanda A. Barnes*
                                            AMANDA A. BARNES
                                            TRIAL ATTORNEY, NEW YORK OFFICE
                                            U.S. Department of Justice, Antitrust Division