UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| | : | |
| v. | : | |
| | : | |
| MAHESH PATEL, | : | |
| ROBERT HARVEY, | : | |
| HARPREET WASAN, | : | February 23, 2023 |
| STEVEN HOUGHTALING, | : | |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

**THE UNITED STATES' MOTION *IN LIMINE* # 10
TO EXCLUDE REFERENCES TO DEFENDANT'S HEALTH CONDITION**

The United States of America respectfully requests that the Court issue an order precluding Defendant Mahesh Patel (and all other Defendants) from introducing evidence or argument regarding his health condition. Based on an email communication from his counsel submitted to the Court, the Government understands that, since approximately 2020, Defendant Patel has suffered from stomach cancer which required hospitalization and surgical treatment in 2021. (Email from Brian Spears, Dec. 7, 2021, 05:45 EDT.)

## ARGUMENT

**I.    Defendant Patel's Health Condition is Irrelevant and Inadmissible.**

Defendant Patel's health condition, even if it persists through trial, has no bearing on whether he knowingly participated in the alleged conspiracy or to any other material fact that may be disputed at trial. Patel is accused of engaging in an antitrust conspiracy in the course of his (at the time) regular employment as a Director of his employer's outsource engineering services management office. Nothing in the indictment suggests that Patel's physical condition would make it more or less likely that he committed that crime. Accordingly, references to Patel's health should be precluded. *See Davidson v. Smith*, 9 F.3d 4, 7 (2d Cir. 1993) (upholding district court's preclusion of plaintiff's psychiatric history); *United States v. Levin*, 15 Cr. 101 (KBF), 2016 U.S. Dist. LEXIS 8351, *35-40 (S.D.N.Y. Jan. 25, 2016) (precluding references to defendant's medical appointments and medical records and limiting defendant's testimony regarding his medical conditions at trial for mail fraud, wire fraud, and conspiracy to defraud charges).

In any event, Patel's health condition appears to postdate the facts alleged in the indictment. Since approximately 2020, Patel has suffered from stomach cancer which required hospitalization and treatment in 2021. The conspiracy alleged in the indictment "[began] at least as early as 2011 and continu[ed] as late as September 2019." Indictment ¶ 19.

## II. Even if Evidence of Patel's Health is Relevant, it is Unfairly Prejudicial and Should be Precluded.

Even if Patel's health were deemed to be relevant evidence—and the Government is not aware of any basis for such a finding—it should be precluded because its probative value is substantially outweighed by unfair prejudice.

The Advisory Committee Notes to Federal Rule of Evidence 403 define unfair prejudice as having "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's 1972 note. The fact that Patel had (or has) cancer will have the effect of eliciting the jurors' sympathy and create the danger that they will base their decision as to Patel's guilt on the very "improper basis" anticipated by the Advisory Committee, "an emotional one." *Id*. By contrast to this danger of unfair prejudice, Patel's health condition has no probative value regarding the existence of a criminal antitrust conspiracy or whether Patel knowingly joined that conspiracy. Therefore, evidence regarding Patel's health creates a real danger of unfair prejudice that substantially outweighs its probative value and therefore should be precluded. *See United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (supporting the preclusion of references to defendant's son's cerebral palsy in a trial for mail fraud and RICO charges, finding that such evidence "could well cause the jury to be influenced by sympathies having no bearing on the merits of the case"); *United States v. Baker*, 928 F.3d 291, 298-99 (3rd Cir. 2019) (affirming the exclusion of evidence of defendant's wife's breast cancer because it "could mislead the jury due to 'sympathy,'" in the defendant's embezzlement trial); *United States v. Agnello*, 158 F. Supp. 2d 285, 289-90 (EDNY 2001) (precluding evidence of defendant's bipolar disorder because the defendant could not "relate [his condition] to the time of the offenses charged" and any probative

value his medical evidence may have "is substantially outweighed by the danger that it will confuse the issues and mislead the jury.").

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court enter an order that Defendants may not present evidence or argument concerning Defendant Patel's health, or make any statements on that subject in the presence of the jury through opening statements, during cross-examination, or otherwise.

Respectfully submitted,

*/s/ Amanda A. Barnes*
CARRIE A. SYME
T. JAKOB SEBROW
AMANDA A. BARNES
TRIAL ATTORNEYS, NEW YORK OFFICE
U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Tel.: 202-677-2673

DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30434
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT 06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2023, a copy of the forgoing the UNITED STATES' MOTION IN LIMINE # 10 TO EXCLUDE REFERENCES TO DEFENDANT'S HEALTH CONDITION was filed electronically and served to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept filing on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Amanda A. Barnes*
                                              AMANDA A. BARNES
                                              TRIAL ATTORNEY, NEW YORK OFFICE
                                              U.S. Department of Justice, Antitrust Division