# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>MAHESH PATEL, ROBERT HARVEY,<br>HARPREET WASAN, STEVEN<br>HOUGHTALING, TOM EDWARDS, and<br>GARY PRUS,<br><br>     Defendants. | No. 3:21 Cr. 220 (VAB) |

## DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF UNCHARGED CONDUCT OFFERED PURSUANT TO RULE 404(b) AND RULE 801(d)(2)(E)

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... ii

ARGUMENT ..................................................................................................................... 2

    I.   The Court Should Preclude Certain Evidence Offered Under Rule 404(b)........................ 2

        A.    Applicable Law........................................................................................................ 2

        B.    Evidence Concerning ███████████ ██████████ In India Should Not be Admitted. ........................................... 4

        C.    Evidence Concerning Conduct Relating to Charitable Donations Is Not Admissible. ...................................................................................................... 11

        D.    Evidence Concerning Separate Agreements Between ██████████ ████████████████ Unconnected To The Defendants Is Inadmissible. .................... 14

    II.   The Court Should Not Admit Alleged Co-Conspirator Hearsay Statements That Pertain To Uncharged Conspiracies. ................................................................................. 21

        A.    Applicable Law...................................................................................................... 22

        B.    Discussion.............................................................................................................. 22

CONCLUSION.................................................................................................................. 28

Defendants respectfully move in limine to preclude evidence of several categories of uncharged conduct described in the government's February 13, 2023 letter giving notice of its intent to offer five categories of evidence under Federal Rule of Evidence 404(b) (Ex. A; the "Amended 404(b) Notice")[1], including: (1) evidence of the "Conduct Related to India"; (2) evidence of the "Conduct Relating to Charitable Donations"; and (3) certain evidence of the "Pre-Charge Period Conduct."[2]

In addition, in connection with their motion to preclude evidence of the "Pre-Charge Period Conduct," defendants move to preclude any evidence of ████████ ██████████████████████████████████████████████████████ ████████████████████████████████████, which is a continuation of one aspect of the "Pre-Charge Period Conduct" rather than part of the charged conspiracy.

Finally, in the event the Court does not exclude all evidence pertaining to the Conduct Related to India or certain Pre-Charge Period Conduct, we respectfully request that the Court preclude introduction of related hearsay evidence on the grounds that it does not satisfy the co-conspirator exception.

---

[1] Citations in the format "Ex. __" refer to exhibits appended to the present Motion. References to particular government exhibits use the convention "GX-__".

[2] The government first provided notice of its intent to offer these categories of evidence under Rule 404(b) by letter dated February 10, 2023. Several defendants wrote to the government in response to state their view that the government's notice was inadequate, and the government in response offered the Amended 404(b) Notice. For the reasons described below, the Amended Notice remains defective, in that it fails sufficiently to identify the particular testimony and documentary evidence to be offered, and fails to "articulate . . . the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

<u>**ARGUMENT**</u>

**I.    The Court Should Preclude Certain Evidence Offered Under Rule 404(b).**

As set forth in more detail below, defendants respectfully request that the Court preclude the above-described categories of evidence offered under Rule 404(b).  For the reasons described below, this evidence is not offered for proper purposes under Rule 404(b), and poses a risk of unfair prejudice far beyond any probative value.

**A.    Applicable Law**

As the Court is aware, evidence of uncharged acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  The reason for this general prohibition lies in the danger of this type of evidence, which "subtly permits the trier of fact" to convict the accused "because of [his] . . . character[] despite what the evidence in the case shows actually happened."  Fed. R. Evid. 404, advisory committee note (quotation marks and citation omitted).  Rule 404(b) also prevents the defendant from "facing at trial the near impossible task of defending himself against 'prior acts from the span of one's entire lifetime' rather than the acts alleged in the indictment." *United States v. Lentz*, 282 F.Supp.2d 399 (E.D. Va. 2002) (quoting *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997).  In other words, Rule 404(b) plays an important role in guarding against the danger that this type of evidence will "undermine the presumption of innocence." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009).

For these reasons, evidence of other acts may be admitted only for specific non-propensity purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Even though this list of possible purposes is long, no purpose may be used "as a pretext to submit propensity evidence to the jury," *United States v. Basciano*, No. 03 Cr. 929 (NGG), 2006 WL 385325, at *4

(E.D.N.Y. Feb. 17, 2006).  In other words, the trial court abuses its discretion where it lets the government use Rule 404(b) to admit "propensity evidence in sheep's clothing."  *McCallum*, 584 F.3d at 477.

Even if offered for a proper purpose, Rule 404(b) evidence is not presumed to be relevant or necessary.  *United States v. O'Connor*, 580 F.2d 38, 40 (2d Cir. 1978); *see Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).  Rather, the government bears the burden of demonstrating why the evidence is relevant to an "actual issue in the case" and necessary proof as to that issue prior to the evidence's admission.  *United States v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979).

In this context, the Second Circuit has specifically cautioned that the Court must be on guard not to "admit[] 'other act' evidence with a high possibility of jury misuse but with only slightly more probative value than other evidence on the same issue."  *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (reversing conviction because district court was too permissive in allowing 404(b) evidence).  Where the government asks the Court to admit more than one episode of uncharged conduct, moreover, the Court must carefully consider the likelihood that "the cumulative effect increases the risk that the jury will impermissibly view the acts as evidence of criminal propensity."  *United States v. Mergen,* No. 06 Cr. 352 (NGG), 2010 WL 1423245, at *3 (E.D.N.Y. Apr. 9, 2010) (citing *United States v. Wallach*, 935 F.2d 445, 472 (2d Cir. 1991)); *see also United States v. Best*, No. 3:20 Cr. 28 (VAB), 2022 WL 4008087, at *9 (D. Conn. Sept. 2, 2022) ("Overall, while some prior acts evidence may be admissible as described above, the Court cautions the Government that there is a point at which such evidence will become cumulative and unduly prejudicial.").

Evidence offered without reference to 404(b) standards as "direct" or "intrinsic" evidence of the offense may be admitted only if the uncharged conduct "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). This direct-evidence doctrine is strictly cabined: "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004).

### B. Evidence Concerning An Alleged Agreement ███████████ ████████████████████████ In India Should Not be Admitted.

The Indictment alleges a domestic conspiracy "restricting the hiring and recruiting of engineers and other skilled-labor employees *in the United States.*" Indictment ¶ 20 (emphasis supplied). In its Amended 404(b) Notice, however, the government asserts that it may seek to introduce evidence that █████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████ Ex. A at 1-2.

Consistent with that Notice, the government's preliminary exhibit list includes numerous documents concerning employees, job candidates, and employment positions in India. (Some, but not all, of the defendants' employers have offices in India in which Indian employees work on projects for U.S.-based and other customers, though engineers in such offices typically cannot perform work on U.S. military projects.) The Amended 404(b) Notice singles out two such documents as examples of the alleged uncharged conduct:

- GX-0201: ███████████████████████████████████████
  ████████████████████████████████████████ (Ex. B); and

- GX-0515: ██████████████████████████████████████████
  ██████████████ (Ex. C).

Other examples of documents that deal primarily with foreign rather than domestic operations

include GX-0191, ███████████████████████████████████████

and GX-0204, ███████████████████████████████████████

█████████████████████████████████████████████████████

████████ *See* Ex. D (GX-0191); Ex. E (GX-0204).

A central reason that evidence of ████████████████████████████████

███████████████████████████████ should not be admitted is that any such

conduct is subject to a strikingly different legal regime under applicable Indian law. As

explained in the attached statement by Shwetambara Shroff Chopra, no-poach conduct is not a

crime in India. Ex. F ¶¶ 8, 11, 21.[3] Moreover, if the Competition Commission of India

("CCI")—the government agency responsible for enforcing antitrust laws—were ever to use its

civil enforcement powers to pursue no-poach conduct, such conduct would not be a *per se*

violation, but rather would be analyzed under a rule that entails a presumption of anticompetitive

impact the defendant can then rebut with evidence of procompetitive justification. *Id*. ¶¶ 10-12.[4]

Further, there are no reported instances of anyone ever having been investigated or sued by the

CCI for no-poach conduct in India. *Id*. ¶ 14. In fact, two prominent Indian corporations have

---

[3] Ms. Shroff Chopra, a partner of the Indian law firm of Shardul Amarchand Mangaldas & Co, is an experienced practitioner of competition law in India. *See* Shardul Amarchand Mangaldas & Co, *Shweta Shroff Chopra,* https://www.amsshardul.com/team/shweta-shroff-chopra/ (accessed Feb. 22, 2023).

[4] Non-solicitation clauses also are permitted under Indian employment law. *See* Ex. F ¶¶ 17-18.

been publicly reported to have a no-poach agreement in place.  *Id.* ¶ 19.  And the CCI has never

announced any plans to make no-poach conduct part of its enforcement agenda.  *Id.* ¶¶ 16, 20.

For this reason among others set forth below, the India Evidence would be highly

confusing to the jury, is not offered for a proper purpose under Rule 404(b), and is both

irrelevant and unfairly prejudicial.  Accordingly, the Court should preclude the India Evidence in

order to safeguard the defendants' right to a fair trial on the charges returned by the grand jury.

### 1. *The India Evidence Is Impermissible Propensity Evidence.*

The Amended 404(b) Notice states that the government will offer the India Evidence to

show "(A) motive and opportunity . . . █████████████████████████████

██████ ; and (B) knowledge, intent, absence of mistake, and lack of accident in engaging in

such conduct in the United States ██████████████████████████

███████████████████████ ."  Ex. A at 2.  Neither proffered purpose

stands up to scrutiny.

With respect to motive, the government does not explain *how* evidence of an alleged

conspiracy abroad could prove a motive to enter into an illegal agreement in the United States,

nor the opportunity to enter one.  In particular, the government does not explain how the alleged

conspiracy in India gave the defendants a reason to conspire to achieve a separate goal in the

United States.  This is not a case where one act begets another—a burglary leads to a murder, or

embezzlement to obstruction of justice—and offering the India Evidence for the purpose of

motive makes no sense.

Likewise, with respect to "opportunity," the proffered purpose is plainly pretextual.  The

government has offered no specifics on what it means beyond stating the word "opportunity,"

but the most natural interpretation of that concept in this case is the uncontested fact

(demonstrated in scores of other documents in the government's exhibit list) that Mr. Patel was

regularly in communication with the defendants.  To the extent that the vague citation to "opportunity" might conceivably reference the allegation in the Indictment that Mr. Patel enforced compliance with the alleged conspiracy, ██████████████████████████████ ██████—where no-poach conduct is not criminal, Ex. F ¶ 21—carries very different import than a directive regarding hiring in the United States.  This difference means the India Evidence has no probative value as to "opportunity," even as it increases the unfair prejudice of admitting it.  And the government's exhibits and witness statements show it has myriad other ways of proving "opportunity" using U.S. evidence, highlighting the India Evidence's cumulative nature.

As to "knowledge and intent," these purposes similarly are pretextual.  The defendants certainly intend to argue they did not knowingly join a conspiracy to allocate the market.  But proof that ████████████████████████████████████████████████ has no bearing on their knowing participation here—apart from the impermissible inference that ████ ██████████████████████.

That the conduct is not criminal under Indian law further distances it from any permissible purpose.  In *Williamson Oil Co., Inc. v. Philip Morris USA*, the district court prohibited the plaintiffs from introducing evidence of the defendants' alleged price-fixing abroad, because they did not "describe the legal landscape in these countries that would make any such activities unlawful, nor . . . do any more than cite to documents in describing the nature of these alleged anticompetitive activities."  346 F.3d 1287, 1317 (11th Cir. 2003).  The Eleventh Circuit affirmed, finding that, under Rule 404(b), plaintiffs had failed to "readily establish a prior crime, wrong or act where [they] ultimately . . . failed to establish that the foreign conduct was a crime or wrong under the laws of the foreign sovereigns." *Id.*

Courts in this Circuit similarly have precluded evidence of conduct offered to show knowledge or intent where the conduct at issue was not demonstrably illegal.  For example, in *United States v. O'Sullivan*, the court precluded Rule 404(b) evidence from prior civil litigation alleging fraud in the defendants' avoidance of certain payroll contributions, even where the charged offense was a conspiracy to avoid payroll contributions, because the court determined that the Rule 404(b) evidence concerned conduct that was in fact "neither uncommon nor inherently unlawful," and hence could not prove "knowledge and intent" to commit a crime.  No. 20 Cr. 272 (PKC), 2021 WL 1979074, at *11 (E.D.N.Y. May 18, 2021).  Rather, the court concluded, by bringing in an allegation of prior conduct with the same goal, the government was seeking to introduce impermissible propensity evidence.  *Id.; see also United States v. Rajaratnam*, No. 1:13 Cr. 211 (NRB), 2014 WL 2696568, at *3-4 (S.D.N.Y. June 10, 2014) (precluding evidence of legal short sales offered to prove knowledge and intent with respect to insider trading, because government had not shown short sales constituted an uncharged offense).  We respectfully request that the Court follow suit here.

### 2. The India Evidence Is Not Relevant.

Even if it were offered for a proper purpose under Rule 404(b), the India Evidence is not relevant to the no-poach conspiracy affecting the labor market for engineers in the United States charged here.  Indictment ¶ 20.  The government exhibits that concern India illustrate that the suppliers' foreign offices operate in labor markets that do not overlap with the United States labor market.  For example, GX-0201 (Ex. B) and GX-0515 (Ex. C)—the government's chosen examples—are ███████████████████████████████████████████████████.[5]  But in antitrust cases, "anticompetitive conduct elsewhere in time or place does not generally allow the inference

---

[5] ███████████████████████████████████████████████████████████████████████.

of an immediate conspiracy."  Philip E. Areeda & Herbert H. Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* § 1421a (3d ed. 2012).  Evidence of foreign conduct would only be potentially relevant if the alleged conspiracy were international; that is not what the government has alleged.

Likewise, because the charge here is limited to U.S. conduct and the Indian legal regime is so different regarding conduct in India, any evidence—which the government does not identify— ████████████████████████████████████████████████ ████████████████████████████████████ Ex. A at 2, is also irrelevant to the crime charged.  The government should not be permitted to bolster its case with evidence reflecting legitimate and uncharged foreign conduct.  *See In re Elevator Antitrust Litig.*, No. 04 Civ. 1178 (TPG), 2006 WL 1470994, at *6 (S.D.N.Y. May 30, 2006), *aff'd*, 502 F.3d 47 (2d Cir. 2007) (dismissing allegations that defendants fixed prices in Europe where "there have been no findings by any regulatory or judicial body in Europe of any law violation by any of defendants"); *see also United States v. Kahale*, 789 F. Supp. 2d 359, 385 (E.D.N.Y. 2009) (excluding as irrelevant evidence of uncharged transactions that the government had not proven were illegal), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012).

### 3.     The India Evidence Is Unfairly Prejudicial and Will Lead to Jury Confusion.

Finally, if there were any probative value in the government's proffered 404(b) evidence, it would be substantially outweighed by the risk it will unfairly prejudice the defendants.  The proffered evidence will mislead or confuse the jury by muddling the issues, and result in undue delay by lengthening and complicating the proceedings as the defendants fight on another front—and in a foreign theatre.  If the India Evidence were admitted, defendants would be required to adduce evidence contesting its illegality under Indian law, requiring a mini-trial on

the facts and law—under an Indian analytical framework that allows consideration of potential

pro-competitive impact on the market.  In analogous situations courts have not hesitated to

preclude the proffered evidence.  In *United States v. Levy*, for instance, the court excluded

evidence regarding a defendant's prior civil fraud settlement, in part on the grounds that the

"evidence would lead to a confusing 'mini-trial'" on those distinct allegations and risk confusing

the jury in an already extensive case.  No. 11 Cr. 62 (PAC), 2013 WL 655251, at *1 (S.D.N.Y.

Feb. 22, 2013).  Similarly, in *United States v. Kahale,* the court found that introduction of a

transaction with the same alleged victim would lead to additional "mini-trials" as the defendant

sought to "defend the legitimacy" of the other transactions, thereby risking "mislead[ing] the jury

to make a determination of guilt based on propensity."  789 F. Supp. 2d at 385-86.  The dispute

regarding the India Evidence will entail complicated questions of foreign law, threatening to

confuse the jury by introducing a new legal framework into a in case that already applies

unfamiliar rules to a complex set of facts.  *Cf. United States v. Stein*, 521 F. Supp. 2d 266, 270 &

n.10 (S.D.N.Y. 2007) (excluding evidence of uncharged tax shelter conduct in tax case because

the government had not articulated with specificity how its purported evidence "establishe[d]

that anybody did anything wrong" and the uncharged conduct implicated different legal

framework than charged conduct).

  That the India Evidence is likely to lead down a rabbit hole of further disputes is made

plain by the portions of the related exhibits that indicate on their face that any restraint they

reflect was ancillary to a legitimate procompetitive purpose.  In GX-0201, ███████████

████████████████████████████████████████████████████████████

███████████ Ex. B at 1. ████████████████████████████████

████████████████████████████████████████████████████████



*Id.* at 2.

*Id.* at 1.

*See* Ex. C at 1

To avoid unfair prejudice, confusion, and delay, we urge the Court to preclude the India Evidence at trial.[6]

### C.     Evidence Concerning Conduct Relating to Charitable Donations Is Not Admissible.

In its Amended Rule 404(b) Notice, the government also notes its intent to offer evidence that

---

[6] In the alternative, if the Court were to permit the government to introduce India Evidence (which it should not), we respectfully request that as part of its limiting instruction on the purposes for which the jury may use this evidence, the Court simultaneously instruct the jury on the applicable law in India, including explanation that such conduct is not criminal in India, and that if the pro-competitive effects of the conduct outweighed any anti-competitive concerns, defendants would not face civil liability either, and the conduct would be legal. This step is well within the Court's prerogative to advise the jury on issues of law. *See* Fed. R. Crim. P. 26.1 (stating issues of foreign law are issues of law for the court); *see, e.g.*, *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 404 (S.D.N.Y. 2003) (stating intention to instruct jury as to relevant Swiss law).

██████████████████████████████████████ Ex. A at 2.  The government's purported

notice offers no details on what evidence it intends to introduce in support of this claim.  Counsel

for the defendants have raised the notice deficiency with the government and await further

information.

From what the defense can gather, the government seeks to assign some sinister purpose

to ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████  From the government's interview reports ████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

To begin with, ████████████████████████████████████████ is an

unusual form of Rule 404(b) evidence.  As the government describes it, the conduct is not

evidently criminal; nor does it resemble the type of bad act normally associated with Rule 404(b)

evidence.  ████████████████████████████████████, it is not

relevant to any of the issues in this case and, even if marginally relevant, runs the risk of

confusing the jury and creating a mini-trial ████████████████████████████

████████████████

The relevance of evidence that ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

Even if marginally relevant, there is an appreciable risk that the evidence would create confusion and a significant distraction, because any evidence the government offers concerning donations necessarily will require the defense to contextualize it to ensure the jury has a true understanding of what occurred. The jury would need to understand █████████████

███████████████████████████████████████████

███████████████████████████████████████████

*See, e.g.*, Ex. G (GX-0501). ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████ In short, to properly contextualize the events surrounding

███████████████████████████████████████████

███████████████████████████████████████████

*See, e.g.*, *United States v. Ulbricht*, 79 F. Supp. 3d 466, 492-93 (S.D.N.Y. 2015) (precluding evidence that defendant sold other contraband, including counterfeit belts not charged in Indictment, as "allowing such evidence may lead to a mini-trial on collateral issues, such as whether or not the Gucci belts sold on Silk Road were counterfeit"). Given the minimal probative value of this evidence, the Court respectfully should exclude it.

**D.** **Evidence Concerning** ████████████████████████
████████████████ **Unconnected To The Defendants Is Inadmissible.**

The Amended 404(b) Notice also describes certain "Pre-Charge Period Conduct" the government intends to present, including evidence that ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ before 2011.[7] The purported purposes are an unspecified list of the possible bases identified in Rule 404(b): "motive, opportunity, knowledge, intent, absence of mistake, and lack of accident with respect to engaging in the charged conspiracy, as evidenced by their engagement in similar conduct at an earlier time, including with certain of the same co-conspirators." Ex. A at 3. The government states that this evidence will be offered against "the referenced defendants," ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

The court should preclude evidence of ████████████████████ entirely. In addition, we respectfully request that the Court include in its order precluding ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████.[8] While this charge-period conduct is not specifically described in the

---

[7] Although the government's vague Amended 404(b) Notice forecloses certainty, we assume for the purposes of this motion that ████████████████████████████████████████████████

[8] The evidence at trial will show that Mr. Houghtaling joined Belcan in 2013 ████████████████
████████████████████████████████████████████████████████████████████.

14

Amended 404(b) Notice, the government's exhibits and ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

      **1.** *Evidence Of* ████████████████████████ *Is Inadmissible.*

According to DCIS interview memoranda, ████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████[10]

---

[9] In an effort to limit the volume of their submissions to the Court, defendants have not attached as exhibits the transcripts of grand jury testimony and memoranda of witness interviews cited in defendants' joint motions in limine. However, to the extent that the Court seeks to review such materials to aid in its disposition of this and any other pending motion, defendants will produce such documents for the Court's *in camera* review.

[10] In one interview, ██████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

Even filtered through DCIS interview memoranda, ███████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████[11]

The few government exhibits that touch on ████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████ Ex. H at 1. ██████████████████████████

_____

██████████████████████████████████████████████



█████████████████████████████████████████████████

████ *Id.*

Other relevant government exhibits similarly show that ████████████████████████

████████████████████████████████. In a telling exchange in GX-0375, for

example, ████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ Ex. I at 2. ████████████

████████████████████████████████

███████████████████████████████████████████

████████████████████ *Id.* at 1.

What these exhibits do *not* show ████████████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

Simply put, ████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████.[12]

████████████████████████████████████████

---

[12] As discussed below, the government has designated no exhibits we can identify that

████████████████████████████████████████████████

[REDACTED]

For these reasons, [REDACTED] is not direct evidence of the charged conspiracy, nor admissible under Rule 404(b). [REDACTED] is not necessary background or context or somehow "inextricably intertwined" with the offense conduct. *Carboni*, 204 F.3d at 44. As discussed above, [REDACTED]

As such, this evidence could easily be excluded [REDACTED] without affecting the government's presentation on the charged conspiracy. In *United States v. Newton*, for example, the court found that uncharged evidence of "similar fraudulent acts" was not direct evidence, even though it might "furnish[] an element of context," because it involved different transactions, involving different people, at different times, and was "certainly not crucial information without which the jury will be confused or the government's theory of the case unfairly curtailed." No. 01 Cr. 635 (CSH), 2002 WL 230964, at *3 (S.D.N.Y. Feb. 14, 2002). And in *United States v. Ferguson*, the court found that "separate, discrete incidents" of alleged fraud were not admissible as direct evidence, even though they might provide background to the charged conduct, because they were not necessary to the proof the charged transaction was fraudulent. 246 F.R.D. 107, 115 (D. Conn. 2007). As in these cases, [REDACTED] Excluding the small number of relevant exhibits and discrete related testimony from the trial will not interfere with

the government's presentation of the case it has charged.  The court should not permit this

evidence's admission as direct evidence.[13]

The evidence also is not admissible under Rule 404(b), even assuming the government

offered it for a proper purpose.  Even if it were relevant, any probative value is far exceeded by

its prejudicial effect.  ████████████████████████████████████████████████████

██████ before the government announced its view that no-poach arrangements were *per se*

violations that it would pursue criminally.  *See* U.S. Dep't of Justice, Antitrust Division &

Federal Trade Commission, *Antitrust Guidance for Human Resource Prof'ls* (Oct. 2016) at 4.

Even the government's civil enforcement agenda had not reached such arrangements at the time;

the civil no-poach settlements involving Apple, Google, and other Silicon Valley employers

were still years in the future.  Allowing evidence of the ████████████████████ will

require defendants to demonstrate this very different context in an effort to lessen the unfair

prejudice, leading to confusion and wasted time.

The particulars of the government's evidence of ██████████████████████████

███████████████████ also highlight the risk of unfair prejudice to the defendants.  The

government appears to have based the relevant part of the Amended 404(b) Notice almost

entirely on ████████████████████.  It has identified no exhibits that ███████████

██████████, and we have identified no exhibits in its 1400-item exhibit list that ███████

██████████████████████████████

---

[13] The omission of ████████████████████████ from the government's indictment, which
this Court has determined adequately alleges a crime, further proves the point.  *See United States
v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31191, at *3 (S.D.N.Y. Jan. 6, 2014) (finding
evidence of similar acts was not direct evidence or inextricably intertwined with charged offense,
and noting government's indictment told a complete and detailed story without mention of
uncharged conduct).

As to witnesses, ██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ In short, the very limited probative value of this evidence will be

far outweighed by the risk of unfair prejudice.  The Court should exclude this evidence

entirely.[14]

**2.   *Evidence Of* ████████████████████████ *Is Inadmissible.***

For similar reasons, the Court should exclude purported evidence ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ According to the

DCIS interview memorandum that contains the sole description of that alleged misconduct,

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

---

[14] If the Court determines to defer a ruling as to O'Neill's dealings with the Florida Executive, we respectfully submit that Rule 403 still requires that the pre-charge portion of the Alleged 2003 Side Arrangement, at minimum, to be excluded.

[REDACTED] At
the same time, whatever tangential relevance the government may ultimately settle on among its
kitchen sink list of 404(b) factors, *see* Ex. A, at 3, is far exceeded by its prejudicial effect and
compounding of confusion in this multi-defendant case. *See* pp. 18-20 & n. 13, *supra*; *see also*
*United States v. Figueroa*, 618 F.2d 934, 945-46 (2d Cir. 1980) (Rule 403 assessment stricter in
multi-defendant case, where court "must weigh not only the probative value and the risk of
unfair prejudice to the defendant against whom the evidence is offered, but also the
appropriateness of permitting the prosecution to introduce the evidence in a joint trial").

## II.     The Court Should Not Admit Alleged Co-Conspirator Hearsay Statements That Pertain To Uncharged Conspiracies.

If the Court does not preclude the India Evidence or evidence of [REDACTED]
[REDACTED] discussed in part D above on the basis that this evidence is not admissible under
Rule 404(b), we respectfully request that any out-of-court statements concerning the India

Evidence or ████████████████████████ be excluded because they do not satisfy the co-

conspirator exception to rule against hearsay.  Fed. R. Crim. P. 801(d)(2)(E).

### A.    Applicable Law

An out-of-court statement by a co-conspirator offered for the truth of the matter asserted

is not hearsay only where the court finds, by a preponderance of evidence, "(a) that there was a

conspiracy, (b) that its members included the declarant and the party against whom the statement

is offered, and (c) that the statement was made during the course of and in furtherance of the

conspiracy."  *United States v. Gupta*, 747 F.3d 111, 123 (2d Cir. 2014) (quotation marks and

citation omitted).  "The touchstone of the 'in furtherance' requirement is that the statement be

designed to promote the accomplishment of the conspiracy's goals."  *United States v. Saneaux*,

365 F. Supp. 2d 493, 500 (S.D.N.Y. 2005).  As the Second Circuit has explained, the "in

furtherance" requirement is crucial because it goes to the foundation of the exception: "the

presumption that the coconspirator would have authorized the statements in question."  *United

States v. Lieberman*, 637 F.2d 95, 103 (2d Cir. 1980).

The court must consider whether the co-conspirator statement is admissible under Rule

403 with particular care where the co-conspirator statement is offered to prove not the charged

offense, but rather "performance of a similar act."  *United States v. Lyles*, 593 F.2d 182, 195 (2d

Cir. 1979) ("We view this distinction as crucial.").

### B.    Discussion

As discussed in the contemporaneous motion by the defendants to address the protocol by

which co-conspirator statements will be admitted in this case, the government's exhibit list

includes over 400 exhibits that the government has indicated are not hearsay because they reflect

the statements of co-conspirators.  Many of these exhibits include statements that, while made by

declarants on the government's overlong alleged unindicted co-conspirator list, are either not in

furtherance of the charged conspiracy or relate to a different conspiracy entirely.

Notwithstanding the usual practice in this Circuit allowing for the co-conspirator statements to

be elicited subject to a future ruling, the Court should preclude admission of the statements that

we respectfully submit it can determine do not fall within the co-conspirator exception *ex ante*,

as follows.

   ***1. Statements Regarding The Uncharged Conduct In India Are Inadmissible.***

  One category of statements the court should preclude is statements (whether in emails or

testimony) concerning the alleged conspiracy ██████████████████ in India.  As

described above, this India Evidence concerns conduct distinct from the charged conspiracy,

which is to allocate a labor market "in the United States," Indictment ¶ 20.

  The government's exhibit list is full of out-of-court statements regarding this foreign

conduct, including many by declarants who do not appear on the government's witness or

unindicted co-conspirator lists.  GX-202, ██████████████████████████

████████ is a case in point.  ███████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

██████████████████ Ex. J at 1-2.  ██████████████████

████████████████████████████████████

██████████████████████████████ *Id*. at 1.  Each of these emails

contains statements the government may offer for ██████████████████████

████████████████████████████████████████

██████████████████████, because the government must introduce facts beyond

the challenged declarations themselves to show that the declarants are part of a conspiracy in India. *See* Fed. R. Evid. 801(d)(2)(E) ("The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it under [the co-conspirator exemption]."). The other government exhibits that touch on the India Evidence suffer from the same defect.

Even if the government can lay sufficient foundation for the existence of a conspiracy in India, however, the court should not admit such statements. *United States v. Lyles* is particularly relevant. In that case, the district court had admitted taped conversations tending to show a later conspiracy with common participants to the charged conspiracy. 593 F.2d at 195. Describing the long chain of proof needed to connect the evidence at issue to the charged offense—proof the tapes satisfied the co-conspirator exception, followed by introduction of the evidence to prove the existence of a second conspiracy, and then finally consideration by the jury in a "limited fashion" how the similar act bore on "question of guilt of the crime charged"—the Second Circuit held that the court had abused its discretion in admitting the evidence. *Id*. at 195-96. In reaching that holding, the Circuit noted in particular that such evidence "obviously carries with it serious potential for prejudice in the form of confusion of issues . . . [and] is especially likely to distort the emphasis at trial away from the crimes covered by the indictment to those not so charged." *Id*. at 195 (quotation marks and citation omitted). Just like the government did in *Lyles*, the government here seeks to admit co-conspirator statements in an uncharged conspiracy that are relevant to the charged offense only indirectly. Connecting these statements to the charged conspiracy will involve a complex and highly contested chain of proof. The result will be unfair prejudice and jury confusion, and the court should exclude out-of-court declarations connected to the India Evidence.

**2.** ***Statements Concerning*** █████████████████████ ***Are Inadmissible.***

The Court should also bar from trial all hearsay evidence concerning ████████████ ████████████████████████████████████████████████ As explained in greater detail above, the government's Amended 404(b) Notice and the witness statements produced in discovery indicate that █████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████████████████████████████████ ████████

Nevertheless, email chains included on the government's exhibit list include several out-of-court statements regarding ████████████████████████ that the government may seek to offer against the defendants, including GX-0363 and GX-0375, which we discussed above in the context of Rule 404(b), and GX-0376, which is a variant of the same email chain as GX-0375. In each case, the government has identified these as co-conspirator statements and included the participants on its unindicted co-conspirator list. Yet none of these statements—nor any related testimony—are admissible against the defendants.

First, even accepting for argument's sake that the government could prove ██████████ ████████████████ was a criminal conspiracy, as discussed above, ████████████████ ███████████████████████████████████████████

Nor could the government prove by a preponderance of the evidence that ████████████ ███████████████████████ included both the declarants mentioned above and the defendants,

which it must do to make the statements admissible.  *Gupta*, 747 F.3d at 124.  As discussed

above, these email exhibits on their face show █████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████████████████████

     For example, as discussed above, GX-0375 ██████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

Ex. I at 2. ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████  *Id.* at 1

(emphasis supplied).  GX-0376, a variant of the same email chain, contains the same statements.

     Neither GX-0375 nor GX-0376 ██████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████████  Even if the Court were to conclude these declarants

conspired with the defendants as to the *charged* conspiracy, the statements and any others like

them are inadmissible, because they are not made in the context of a conspiracy between the

defendants and the declarants.  *See United States v. Gigante*, 166 F.3d 75, 83 (2d Cir. 1999)

(finding district court erred in admitting co-conspirator statements based on finding of "general

overriding conspiracy," where defendant and declarants did not conspire to commit offense that

challenged statements furthered).

     The government also cannot show that many of the statements in these emails were made

"in furtherance" of either the charged conspiracy or ██████████████████████████.  First,



███████ GX-0375, for example, contains several such statements: ████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████ Ex. I at 1. ██████████

██████████████████████████████████

██████████████████████████████████

███████ not statements in furtherance of any illegal goal.

Similarly, in GX-0376, a variant email chain on GX-0375, ████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████ Ex. K at 1. ████████████████████

████████████████████████████. *Id.* Again, these statements are

██████████████████████████████████

██████████████████████████████████

███████████████████ These statements are thus inadmissible. *See United*

*States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990) ("[T]he statements must be such

as to prompt the listener . . . to respond in a way that promotes or facilitates the carrying out of a

criminal activity.").

## CONCLUSION

For these reasons, the defendants respectfully request that this Court issue an order precluding the evidence described above.

Respectfully submitted,

_/s Brian E. Spears_
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

_Counsel for Mahesh Patel_


_/s/ Guy Petrillo_
GUY PETRILLO (pro hac vice)
LEONID SANDLAR (pro hac vice)
CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

_Counsel for Robert Harvey_


_/s/ Marc A. Weinstein_
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*


*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
A. DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*


*/s/ Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: aclake@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein &
Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

JAMES M. MORIARTY (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
T: (203) 368-4234
F: (203) 368-5485
Email: jmoriarty@zeislaw.com

*Counsel for Tom Edwards*


*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Green & Sklarz LLC
One Audubon St, 3rd Floor
New Haven, CT 06511
T: (203) 285-8545
F: (203) 691-5454
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ A. Dennis Dillon*
Andrew Dennis Dillon (pro hac vice)
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017