# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-CR-220 (VAB) |
| v. | |
| MAHESH PATEL, ROBERT HARVEY, HARPREET WASAN, STEVEN HOUGHTALING, TOM EDWARDS, and GARY PRUS, | February 23, 2023 |
| *Defendants*. | |

## DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE <u>UNENFORCEABILITY OF NON-COMPETE AGREEMENTS</u>

Defendants Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards, and Gary Prus (collectively, "Defendants") respectfully move this Court pursuant to Federal Rules of Evidence 403 and 701 for an order precluding the Government from offering lay witness testimony and exhibits at trial concerning the alleged unenforceability of non-compete agreements. The Government's lay witnesses cannot opine on this subject, and their improper conclusions on this subject pose a risk of substantial prejudice to Defendants.

**I. Argument**

Many engineers and other skilled laborers who were employed at the various outsource suppliers at issue in this case signed non-compete agreements which precluded them from working for customers and/or competitors of the employing entity for some period of time upon departing from that employer. As reflected in the prior testimony or statements of some of the Government's witnesses, and in various documents identified in the Government's exhibit list, the Government seems intent to suggest to the jury through improper lay testimony that non-

compete agreements are unenforceable. The Government has not designated a legal expert to opine on this subject. The Court should preclude the Government from offering any lay testimony or exhibits concerning the purported unenforceability of noncompete agreements that lack a proper foundation. The evidence reflected in the materials the government has produced in discovery—from witnesses appearing to rely on a combination of speculation, conjecture, and hearsay "▇▇▇▇▇▇▇▇"—is unduly prejudicial, will confuse the jury and should be barred under Fed. R. Evid. 701 and 403.[1]

Instances of conjecture about the unenforceability of non-competes abound in prior testimony and witness statements of Government witnesses and in the documents identified in the Government's exhibit list. By way of several examples:[2]

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (GX-0499 at 1 (emphasis added) (Ex. 1).)
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (GX-0517 at 6.)
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (GX-0432 at 1 (Ex. 2).)
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] The arguments set forth in this motion are limited to the kinds of evidence identified herein, that do not arise from direct communication with counsel.

[2] In an effort to limit the volume of their submissions to the Court, Defendants have not attached as exhibits the transcripts of grand jury testimony, memoranda of witness interviews, and related discovery materials cited in Defendants' joint motions *in limine*. However, to the extent that the Court seeks to review such materials to aid in its disposition of this and any other pending motion, Defendants will produce such documents for the Court's *in camera* review.



Under Federal Rule of Evidence 701, "lay witnesses may testify to their own opinions which are [1] rationally based on the perception of the witness, [2] helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and [3] not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Ferguson*, No. 3:06CR137 (CFD), 2007 WL 4556625, at *1 (D. Conn. Dec. 20, 2007) (citing Fed. R. Evid. 701). The first requirement "is the familiar requirement of first-hand knowledge or observation." (Fed. R. Evid. 701, Advisory Committee Note (1972).) The third requirement, added in 2000, "mandates that lay opinions 'must be the product of reasoning processes familiar to the average person in everyday life.'" *Ferguson*, 2007 WL 4556625, at *1 (quoting *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)). This requirement ensures that parties may not "evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." (Fed. R. Evid. 701, Advisory Committee Note (2000).)

The Government's evidence does not meet the requirements of Rule 701. Most glaringly, it does not satisfy the third requirement, as the government's lay witnesses cannot present legal opinions and conclusions, which on their face require specialized legal training and experience, regarding non-compete agreements. *See Foley v. Town of Marlborough*, No. 3:19-cv-01481

(Bolden, J.), 2023 WL 122040, at *9-10 (D. Conn. Jan. 6, 2023) (ruling on motions *in limine* in employment action that "any lay testimony by either [plaintiff's wife or sister] cannot include their thoughts and opinions on FMLA usage *per se*[.]" (citing Fed. R. Evid. 701, 602.)); *United States v. Bradley*, No. 3:21-cr-00087 (Bolden, J.), 2022 WL 1708400, at *6 (D. Conn. May 27, 2022) ("Any testimony regarding the SEEC [Connecticut State Election Enforcement Commission] witnesses' interpretation of the relevant Connecticut election statutes and regulations . . . including SEEC's definitions of legal terms, the policies or criteria by which, under Connecticut law, SEEC awards CEP grants, and how SEEC generally applies Connecticut election statutes and regulations—is inadmissible as expert testimony that was not timely disclosed."); *cf. Koonce v. Gaylord Hosp., Inc.*, No. 3:13-CV-00362 (VLB), 2015 WL 4603414, at *5 (D. Conn. July 30, 2015) (granting summary judgment and disregarding affidavit relied upon by plaintiff, ruling that it was "a legal conclusion and would also be inadmissible at trial"); *Trejos Hermanos Sucesores S.A. v. Verizon Commc'ns Inc.*, 21 Civ. 8928 (JLR), 2023 WL 24237, at *2 (S.D.N.Y. Jan. 3, 2023) (disregarding as improper lay testimony certain portions of a declaration that interpreted and applied Costa Rican law).

Moreover, the Government may not circumvent Rule 701 by arguing that the witnesses are merely presenting observed facts rather than specialized evidence. As a threshold matter, it is not clear that these witnesses have necessary firsthand knowledge. For instance, as noted above, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Such testimony, which is also hearsay, therefore fails to meet the first requirement of Rule 701, that the opinion is rationally based on the witness's perception. Fed. R. Evid. 701(a); *see also* Fed. R. Evid. 602.

The Second Circuit has explained that a lay witness with specialized knowledge may testify about facts learned in an investigation, but "to the extent [the witness'] testimony was not a product of his investigation, but rather reflected specialized knowledge he has because of his extensive experience in international banking, its admission pursuant to Rule 701 was error." *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181-82 (2d Cir. 2004) (holding that the trial court improperly admitted explanations and definitions of banking concepts and conclusions that were not a result of the investigation). Likewise, in *Bradley*, this Court rejected the government's argument that the testimony was fact testimony based on experience, and instead deemed it impermissible expert testimony because it "reflect[s] [the SEEC employee's] specialized knowledge" about the Commission and its evaluation of applications for grants. 2022 WL 1708400, at *6-7. Conclusions about the purported legal significance of, and effect to be accorded, non-compete agreements—a form of contract—require specialized, legal training. Such conclusions are not the type of fact-based observation suitable for a layperson. *See, e.g.*, *United States v. Roye*, No. 3:15-cr-29 (JBA), 2016 WL 4046692, at *3 (D. Conn. July 27, 2016) (denying motion *in limine* to preclude lay opinion that the observed weapons were semiautomatic 9 mm firearms, as it relied on a "reasoning process familiar to average persons," namely, the witness' experience observing firearms and first-hand observations).

## II. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court preclude any lay testimony and exhibits concerning the alleged unenforceability of non-compete agreements.

Respectfully submitted,

*/s/ Marc A. Weinstein*
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*


*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Guy Petrillo*
GUY PETRILLO (pro hac vice)
LEONID SANDLAR (pro hac vice)
CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP

655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

*Counsel for Robert Harvey*


*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*/s/ Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700

F: (404) 842-9750
Email: cgillen@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein
& Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 23, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
February 23, 2023

/s/ *Marc A. Weinstein*
Marc A. Weinstein (*pro hac vice*)
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

# Exhibit 1

# Filed Under Seal

# Exhibit 2

# Filed Under Seal