**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHESH PATEL, ROBERT HARVEY, HARPREET WASAN, STEVEN HOUGHTALING, TOM EDWARDS, and GARY PRUS,<br><br>*Defendants.* | Case No.<br>3:21-CR-220 (VAB)<br><br><br><br><br>February 23, 2023 |

**DEFENDANTS' JOINT MOTION IN LIMINE**
**TO PRECLUDE THE GOVERNMENT FROM REFERRING TO EMPLOYEES**
**ALLEGEDLY AFFECTED BY THE CHARGED CONSPIRACY AS "VICTIMS"**

Defendants Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards, and Gary Prus (collectively, "Defendants") respectfully move this Court pursuant to Federal Rules of Evidence 104, 401, and 403 for an order precluding the government from referring at trial to employees who were allegedly affected by the charged conspiracy as "victims."

**I.    Background**

The Indictment in this case charges Defendants with conspiring "to suppress competition by allocating employees in the aerospace industry working on projects for Company A, specifically by agreeing to restrict the hiring and recruiting of engineers and other skilled-labor employees between and among Companies A-F in the United States." (Ind. ¶ 19.) On January 12, 2023, the government disclosed that it may offer at trial the testimony of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (the "affected employee witnesses"), among other potential witnesses. Defendants expect that the government intends to

1

elicit testimony from the affected employee witnesses describing how they were allegedly prevented from or delayed in moving from one of the Supplier companies to Company A or to another Supplier Company as a result of the alleged conspiracy. ██████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████[1]

## II.     Argument

Pursuant to Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice." "Evidence is unfairly prejudicial when 'it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'" *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (quoting *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008)). Because "[a]ttorneys are vehicles for the evidence triers of fact consider during deliberations[,] . . . if an attorney elicits testimony labeling a particular individual a 'victim,' Rule 403 could provide Defendant[s] protection if use of the term is substantially more prejudicial than probative." *United States v. August*, 590 F. Supp. 3d 972, 976 (W.D. Tex. 2022).

---

[1] In an effort to limit the volume of their submissions to the Court, Defendants have not attached as exhibits the transcripts of grand jury testimony, memoranda of witness interviews, and related discovery materials cited in Defendants' joint motions in limine.  However, to the extent that the Court seeks to review such materials to aid in its disposition of this and any other pending motion, Defendants will produce such documents for the Court's *in camera* review.

Defendants respectfully submit that such protection is warranted here. Where, as here, "the charged violation . . . does not involve a crime against a person," referring to the allegedly affected employee witnesses or other employees as victims "does not provide probative value to the core elements of this charged crime." *United States v. Wagner*, No. 20-CR-410 (NSR), 2022 WL 19179, at *6 (S.D.N.Y. Jan. 3, 2022). Because Defendants are charged with a purely economic crime, the use of the term "victim" is inapposite to the elements required for the government to prove its case. *See id.*

Moreover, Defendants vigorously dispute that any crime was committed. Thus, permitting the government to refer to "victims" of alleged conduct that Defendants maintain is lawful would create undue risk that the jury may be led to infer guilt from an improper basis. *See, e.g.*, *United States v. Spayd*, No. 3:19-CR-0111 (JMK), 2022 WL 4367621, at *11 (D. Alaska Sept. 20, 2022) (prohibiting use of the term "victim" in case where both fact of the crime and causation were at issue, because such a term "runs the risk of improperly influencing the jury's decision and is subversive of the presumption of innocence"); *August*, 590 F. Supp. 3d at 976 (noting that "while an individual might have been harmed, there is still a question as to whether he or she was harmed as a result of Defendant[s'] alleged criminal conduct. Therefore, reference to an individual as a 'victim' is unfairly prejudicial as it 'encourages the jury to find guilt from improper reasoning,' i.e., due to the implication that a crime has already been committed by Defendant[s].") (quoting *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005)); *United States v. Sena*, No. 19-CR-01432, 2021 WL 4129247, at *2 (D.N.M. Sept. 9, 2021) ("At Mr. Sena's upcoming trial, the jury has the responsibility of deciding whether a crime occurred and whether that crime resulted in harm to Mr. Barros. Thus, to label Mr. Barros as a victim at the outset of trial carries the risk of improperly influencing the jury's decision. Moreover, there is virtually no probative value in

allowing the government to use the term 'victim' to describe Mr. Barros"); *see also State v. Cortes*, 84 Conn. App. 70, 87, 851 A.2d 1230 (App. Ct. 2004), *aff'd*, 276 Conn. 241, 885 A.2d 153 (2005) (concluding that trial court's repeated use of the word "victim" in its jury instructions deprived defendant of his right to a fair trial and constituted reversible error, as it "may have invaded the fact-finding function of the jury concerning the issue of whether a crime had been committed").

This concern is especially pronounced where, as here, the mere existence of an agreement to allocate a market does not render Defendants criminally liable under the *per se* rule. As this Court observed in its ruling on Defendants' motion to dismiss, "[e]ven if the alleged conduct fits into a recognized *per se* category, such as market allocation, the restraint will not be subject to the *per se* rule if it is ancillary to a legitimate business collaboration." (Ruling at 23, ECF No. 257.) This Court left open "for a later stage of the proceedings" the question of whether Defendants could successfully contest the Indictment's allegations that the alleged agreement was not ancillary. (*Id.* at 29.) Allowing the government to taint the jury's interpretation of the alleged agreement with the word "victim" in the face of the Defendants' ancillary restraints defense, which negates a required element of the crime,[2] could likewise mislead the jury into inferring guilt before it is presented with all of the relevant facts and considerations that would preclude it from deeming the alleged agreement unlawful.

Finally, whether or not the affected employee witnesses were even harmed by the alleged conspiracy is also a hotly contested issue, as Defendants anticipate that the evidence will show that such witnesses were not hindered in their mobility or opportunities for career advancement.

---

[2]     The government has argued that the ancillary restraints doctrine is an affirmative defense, which is an issue that the Court has also left open for subsequent adjudication. (Ruling at 26.) The question of which party bears the burden of proof is not dispositive in the context of the instant motion, as either way the outcome is the same: if the agreement is ancillary to a legitimate business purpose, it is not *per se* unlawful.

4

Permitting the government to characterize these individuals as "victims" would usurp the role of the jury, which is entitled to decide for itself whether the witnesses were, in fact, harmed by the alleged conspiracy as the government claims and thus whether they were even victimized. *See* 18 U.S.C. § 3771(e)(2)(A) (defining the term "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia").[3]

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court issue an order precluding the government from referring at trial to employees who were allegedly affected by the charged conspiracy as "victims."

Respectfully submitted,

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

---

[3] As one federal district court recently noted, the rights enumerated in the Crime Victim's Rights Act "do not include the right of an alleged victim to be referred to as a 'victim' at trial." *United States v. Garcia-Limon*, No. CR 21-0032 (RB), 2022 WL 3334498, at *1 (E.D. Okla. May 16, 2022).

*/s/ Guy Petrillo*
GUY PETRILLO (pro hac vice)
LEONID SANDLAR (pro hac vice)
CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

*Counsel for Robert Harvey*

*/s/ Marc A. Weinstein*
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: aclake@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

JAMES M. MORIARTY (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
T: (203) 368-4234
F: (203) 368-5485
Email: jmoriarty@zeislaw.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 23, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

         */s/ Brian E. Spears*
         Brian E. Spears
         Federal Bar No. ct14240