UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHESH PATEL, ROBERT HARVEY,<br>HARPREET WASAN,<br>STEVEN HOUGHTALING,<br>TOM EDWARDS, and GARY PRUS,<br><br>Defendants. | CASE NO. 3:21-CR-220 (VAB) |

**DEFENDANTS' JOINT MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF OTHER BAD ACTS PURSUANT TO
FEDERAL RULES OF EVIDENCE 403 AND 404(B)**

Tom Edwards, Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling and Gary Prus, Defendants, file this Joint Motion *In Limine* to Exclude Evidence of Other Bad Acts Pursuant to Federal Rules of Evidence 403 and 404(b), and request that the Court exclude any and all evidence of other crimes, wrongs or acts involving the Defendants with no purpose other than proving the Defendants' character or propensity from the trial of this case, pursuant to Federal Rules of Evidence 403 and 404(b), based upon the grounds and authorities set forth below.

**I. BACKGROUND AND GROUNDS FOR EXCLUSION OF EVIDENCE**

Approximately 14 months ago, the prosecution charged the Defendants with allegedly engaging in a combination and conspiracy to suppress competition from at least 2011 through September of 2019, by supposedly agreeing to restrict the hiring and recruiting of engineers and other skilled-labor employees between and among Companies A through F, which were working on projects for Company A, in violation of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1. *See* Dkt. # 20, ¶ 19. █████████████████████████████████ For more than a

1

year, since February 9, 2022, the trial of this case has been set to begin on March 27, 2023. *See* Dkt. # 118.

On February 9, 2023, the prosecution sent a three-page letter to counsel for the Defendants in which the government provided its notice of intent to offer evidence which might be construed as evidence of alleged other crimes, wrongs or acts of the Defendants pursuant to Federal Rule of Evidence 404(b). *See* Dkt. # 309-1. The prosecution's letter cited ███████████████████████████████████████████████████████████████████████. *Id*.

The prosecution has had abundant time to determine what alleged evidence of other crimes, wrongs or acts involving Defendants it intends to introduce in the trial of this action. Any alleged evidence of other crimes, wrongs or acts of the Defendants sought to be introduced in the trial in this case should accordingly be limited to any alleged evidence referred to in the prosecution's notice of alleged other crimes, wrongs or acts of the Defendants on February 12, 2023. Defendants expressly reserve the right to move to exclude and object to any and all of the alleged evidence referred to in the prosecution's notice of alleged other crimes, wrongs or acts of the Defendants dated February 9 and 12, 2023.[1] The prosecution should be required to demonstrate how any alleged evidence of other crimes, wrongs or acts is relevant to an issue in this case, and that the alleged evidence is necessary to its case.

---

[1] The prosecution's alleged notices of evidence of other crimes, wrongs or acts of the Defendants are fatally flawed in a number of respects, including, but not limited to, the notices' failure to "identify the evidence that it intends to offer pursuant to the rule…" Fed. R. Evid. 404 Notes (2020 Amend.).

## II. ARGUMENT

### A. Legal Prerequisites for Admission of Alleged Evidence of Other Crimes, Wrongs or Acts

Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence "may" be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2). This Circuit follows an "inclusionary" approach to Rule 404(b) evidence, and "'allows the admission of such evidence 'for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence.'" *United States v. Lyle*, 919 F.3d 716, 736 (2d Cir. 2019) (quoting *United States v. Greer*, 631 F.3d 608, 614 (2d Cir. 2011); quoting *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994))). The Court of Appeals has also recognized, however, that the inclusionary rule "'is not a carte blanche to admit prejudicial extrinsic act evidence [that] is offered to prove propensity," [cit.], or otherwise to allow "propensity evidence in sheep's clothing.'" *United States v. Zhong*, 26 F.4th 536, 551 (2d Cir. 2022) (quoting *United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009)).

Accordingly, in order to admit evidence of other crimes, wrongs or acts, the trial court must first determine "whether the evidence is offered for a proper purpose, namely, a purpose other than to prove the defendant's bad character or criminal propensity." *United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989). In its determination, the court should require the government to explain why the evidence is "relevant and necessary.'" *United States v. Manafzadeh*, 592 F.2d 81, 86 (2d Cir. 1979) (quoting *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978)).

3

If the trial court finds that the prosecution has offered the evidence for a proper purpose, the court must then determine "whether '[t]he offered evidence [is] relevant, per [Federal Rules of Evidence] 401 and 402, to an issue in the case, and [whether] the evidence ... satisf[ies] the probative-prejudice balancing test of [Federal Rule of Evidence] 403.'" *Colon*, 880 F.2d at 656 (quoting *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988)). Rule 403 authorizes a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Any alleged evidence not relating to an issue in the case, and relating to the Defendants' propensity or character, should be excluded from trial.

B. **The Prosecution Should Be Prohibited from Attempting to Admit Additional Alleged Evidence of Other Crimes, Wrongs or Acts**

The prosecution has provided pretrial, written notice of its intent to offer alleged evidence of other crimes, wrongs or acts of the Defendants pursuant to Rule 404(b). *See* Fed. R. Evid. 404(b). "[T]he notice requirement serves as condition precedent to admissibility of 404(b) evidence…" Fed. R. Evid. 404 Notes (1991 Amend.).

Given the prosecution's notices of the alleged other crimes, wrongs or acts which the prosecution may introduce at trial, the Court should issue an order excluding introduction of any and all other asserted evidence of alleged crimes, wrongs or acts of Defendants from the trial in this action, pursuant to Rules 401, 402, 403 and 404. "'Other crimes' evidence is not admissible to show that the defendant had a bad character or a proclivity to commit certain crimes and that he acted accordingly in the case on trial." *United States v. DeFillipo*, 590 F.2d 1228, 1240 (2d Cir. 1979) (citing *O'Connor*, 580 F.2d 38). Character or propensity evidence may "weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny

him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 476 (1948). The law accordingly forecloses matters of character, disposition and reputation from the prosecution's case-in-chief. *Michelson*, at 476. "[T]he risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." *Old Chief v. United States*, 519 U.S. 172, 181 (1997) (citing *United States v. Moccia,* 681 F.2d 61, 63 (1st Cir. 1982)).

The prosecution has charged a complex, single, alleged Sherman Act conspiracy allegedly involving the six Defendants, six companies, and others known and unknown, allegedly lasting over eight years. *See* Dkt. # 20, ¶ 19. The prosecution should be required to prove the alleged Sherman Act conspiracy which it has charged beyond a reasonable doubt at trial, without injecting alleged evidence of other crimes, wrongs or acts into the trial of this case. Introduction of evidence relating to the Defendants' character or propensity in this case would be prejudicial and would constitute error. Admission of such evidence would furthermore delay the trial, confuse the issues, and mislead the jury, pursuant to Rule 403.

The Court should therefore exclude any alleged evidence of other crimes, wrongs or acts involving Defendants from the trial of this case, and should absolutely exclude any alleged evidence for which the prosecution has not given notice. In regard to the alleged evidence in the government's notice, the Court should require the government to provide an explanation as to why the alleged evidence is relevant to an issue in the case, and why the alleged evidence is allegedly necessary for the proof of the government's charged antitrust conspiracy. *See Manafzadeh*, 592 F.2d at 86 (quoting *O'Connor*, 580 F.2d at 43). The Court should furthermore carefully evaluate

the relevance of the alleged evidence under Rules 401 and 402, and whether any asserted relevance is outweighed by the risks set forth in Rule 403.

On the grounds and authorities set forth herein, Tom Edwards, Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling and Gary Prus request that the Court grant Defendants' Joint Motion *In Limine* to Exclude Evidence of Other Bad Acts Pursuant to Federal Rules of Evidence 403 and 404(b) and exclude any and all evidence of other crimes, wrongs or acts involving the Defendants with no purpose other than proving the Defendants' character or propensity from the trial of this case.

Respectfully submitted, this 23rd day of February, 2023.

    */s/ Craig A. Gillen*
    CRAIG A. GILLEN (pro hac vice)
    ANTHONY CHARLES LAKE (pro hac vice)
    Gillen Withers & Lake LLC
    400 Galleria Parkway
    Suite 1920
    Atlanta, GA 30339
    T: (404) 842-9700
    F: (404) 842-9750
    Email: aclake@gwllawfirm.com

    MARC SIEGEL (pro hac vice)
    Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
    235 Montgomery Street, Suite 835
    San Francisco, California 94104
    T: 415-795-2050
    F: 415-520-5678
    Email: msiegel@fbjgk.com

    *Counsel for Tom Edwards*

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Guy Petrillo*
GUY PETRILLO (pro hac vice)
CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

*Counsel for Robert Harvey*

*/s/ Marc A. Weinstein*
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 23rd day of February, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of this filing upon all counsel of record, and which will provide access to this filing to all parties.

*/s/ Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: aclake@gwllawfirm.com

*Counsel for Tom Edwards*