**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. |
| | : | 3:21-CR-220 (VAB) |
| v. | : | |
| | : | |
| MAHESH PATEL, ROBERT HARVEY, | : | |
| HARPREET WASAN, STEVEN | : | |
| HOUGHTALING, TOM EDWARDS, and | : | |
| GARY PRUS, | : | |
| | : | February 23, 2023 |
| *Defendants*. | : | |
| | : | |

**DEFENDANTS' JOINT MOTION *IN LIMINE***
**FOR MODIFIED *GEANEY* TRIAL PROCEDURE**

The government has disclosed a list of coconspirators naming 71 individuals and seven companies.  Using the government's witness and exhibit lists as guides, it appears that the government intends to offer many dozens if not hundreds of emails of non-testifying declarants as coconspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  As discussed below, however, many of the individuals listed by the government as coconspirators, based on the interview reports and grand jury testimony provided in discovery, cannot possibly be viewed as coconspirators.  Accordingly, Defendants, to prevent undue prejudice at trial, respectfully move the Court to order the government to proffer to the Court outside the presence of the jury its basis for contending that a non-testifying declarant is a coconspirator.  The defense understands that this Court has previously applied the "subject-to-connection" framework of *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), to the admission of alleged coconspirators, but respectfully submits that in the present circumstances, where the government has named such a vast number of supposed coconspirators, including lawyers and human resource professionals who consulted with lawyers, the Court should vet the government's

proffer of coconspirator statements as the trial proceeds, thus protecting the jury from exposure to hearsay that, under *Geaney*, the Court would ultimately strike at or near the close of the government's case in chief.

Before an out-of-court statement may be admitted as the statement of a coconspirator under Rule 801(d)(2)(E), the Court must find by a preponderance of the evidence: (1) that there was a conspiracy; (2) that both the declarant and the defendant were members of that conspiracy, and (3) that the statement was made both (a) during the course of, and (b) in furtherance of the conspiracy. *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).  Courts must consider the contents of a coconspirator's statement when determining "the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered," Fed. R. Evid. 801(d)(2)(E) Adv. Comm. Notes; *see also Bourjaily*, 483 U.S. at 181, however, "there must be some independent corroborating evidence of the defendant's participation in the conspiracy," *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999) (citing *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996)).

In denying the motion to dismiss, the Court ruled that "not all no poach agreements are market allocations subject to *per se* treatment" but that, as pleaded, the agreement alleged by the Indictment "operates as 'an agreement between competitors at the same level of the market structure to allocate' the labor market 'in order to minimize competition.'"  ECF No. 257 at 21-22 (citing *United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608 (1972)).  With respect to the list of alleged coconspirators provided by the government, it is difficult in the extreme to fathom

how many of the individuals named on the list could be viewed as having knowingly joined this

or any other alleged conspiratorial agreement.  The following examples are illustrative:[1]



_____

[1] In an effort to limit the volume of their submissions to the Court, Defendants have not attached as exhibits the transcripts of grand jury testimony, memoranda of witness interviews, and related discovery materials cited in Defendants' joint motions *in limine*.  However, to the extent that the Court seeks to review such materials to aid in its disposition of this and any other pending motion, Defendants will produce such documents for the Court's *in camera* review.



Membership in a conspiracy requires "proof of active participation with knowledge of the venture's illegal purpose." *See United States v. Lara*, 47 F.3d 60, 64-65 (2d Cir. 1995); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) ("mere membership in a lawful organization cannot suffice.").  As illustrated by the examples above, there is real reason to believe that the government's list of coconspirators is markedly overbroad.  Coupled with the fact that the government's list names 71 individuals and labels 415 documents on the government's exhibit list as potentially subject to offer under Rule 801(d)(2)(E), a concrete risk is present that much of what the government will offer conditionally as coconspirator statements of non-testifying individuals will ultimately be struck from evidence as unsupported by the record.  Accordingly, there is strong warrant to depart in this trial from the "subject-to-connection" approach to the documents offered by the government under Rule 801(d)(2)(E). *See, e.g.*, *United States v. Saneaux*, 365 F.Supp.2d 493, 503-04 (S.D.N.Y. 2005) (given the "present paucity of the government's proof on the in furtherance issue," "in the interest of fairness," departing from traditional *Geaney* rubric and directing government to elicit and place before the jury all evidence it will rely on to satisfy all prerequisites of admissibility under Rule 801(d)(2)(E), including the "in furtherance" requirement, to permit court to rule on admissibility of the declarations before they are placed before jury).

To prevent the prejudicial publication to the jury of hearsay, we therefore respectfully request that the Court direct the government to proffer to the Court outside the presence of the jury the grounds on which non-testifying declarants are alleged to be coconspirators.  For trial efficiency, we further request that the Court direct the parties to confer the evening or morning before each trial day to attempt to narrow any disagreements concerning documents that the government intends to offer under Rule 801(d)(2)(E).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court direct the government to proffer to the Court outside the presence of the jury the grounds on which particular non-testifying declarants whose statements are contained in proposed exhibits that the government seeks to admit under Rule 801(d)(2)(E), are alleged to be coconspirators, and for trial efficiency, further direct the parties to confer the evening or morning before each trial day to attempt to narrow any disagreements concerning the admission of such documents.

Respectfully submitted,

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Guy Petrillo*
GUY PETRILLO (pro hac vice)
LEONID SANDLAR (pro hac vice)
CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

*Counsel for Robert Harvey*

*/s/ Marc A. WEINSTEIN*
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*/s/ Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: cgillen@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

**<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on February 23, 2023, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
       February 23, 2023

<u>/s/ Guy Petrillo</u>
Guy Petrillo (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com
