UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| | : | |
| v. | : | **Filed Under Seal** |
| | : | |
| MAHESH PATEL, | : | March 23, 2023 |
| ROBERT HARVEY, | : | |
| HARPREET WASAN, | : | |
| STEVEN HOUGHTALING, | : | |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

**THE UNITED STATES' OPPOSITION TO
DEFENDANTS' JOINT MOTION *IN LIMINE*
TO EXCLUDE CASE AGENTS**

The United States of America hereby opposes Defendants' Joint Motion to Exclude Case Agents (Dkt. No. 434). In yet another attempt to muzzle the Government from presenting its case to the jury, *see* Dkt. No. 363, Defendants on the eve of trial now object to the Government calling a case agent to presented duly admitted evidence to the jury. As the Government set out in its Pretrial Memorandum (Dkt. No. 307) at pages 7 to 8, the Government has planned its presentation of its case-in-chief so that this important evidence will be offered in a way to assist the jury in understanding evidence from a multi-defendant, multi-year conspiracy that will span multiple weeks, whose presentation will be interrupted by multiple breaks in the trial schedule discussed at the pretrial conference. Permitting the straightforward presentation of such evidence, which the Government understands the Court has permitted in other criminal trials, will help the jury make sense of the evidence they will consider, assess the weight and credibility of other evidence in the case, and determine the truth. Fed. R. Evid. 611(a).

Although the Government has been transparent about its intentions in having the case agent testify as to Government exhibits previously identified to the Defendants, it now appears that Defendants are concerned this process may make the admitted evidence *too* intelligible to the jury.  The highlighting or reading of certain portions of multi-page exhibits is necessary to streamline the presentation and assist the jury make sense of important evidence—including Defendants' own statements—as it is being admitted, rather than shunting any reasonable comprehension of such documents to summations weeks after the fact.

As but one example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, the Government has merely proposed that it offer the full exhibit through the case agent, and, if admitted, publish it to the

jury and have the agent read those emails to the jury. There would be no argument or additional fact testimony through the case agent, but merely the presentation of evidence the Court has admitted into the record. The Government is also proposing having such testimony occur in proximate time to the victim-witness's testimony, rather than separated by multiple witnesses and weeks of time.

In other instances, there may be longer email chains that appear in reverse chronological order. Having a case agent read the chain in chronological order so that the jury can follow along (i.e., from the bottom up) would only help the trier of fact process the evidence that the Court has admitted. In contrast, Defendants would insist on having members of the jury—who will not be able to scroll through the electronic evidence on their own or at their own pace—try to read emails in silence as the Government scrolls through multi-page documents and attempt to gauge whether the jurors are able to follow along.

To be clear, most of the other exhibits the Government intends to introduce at trial consist of Defendant admissions or conversations with co-conspirators. Because such evidence is important to establish the conspiracy charged in the Indictment, the jury must be able to receive this evidence in a way that they can process.

As a matter of process, courts have frequently endorsed case agents testifying multiple times at trial, particularly in longer conspiracy trials such as this one. *See United States v. Jackson*, 549 F.2d 517, 528 (8th Cir. 1977) (rejecting defense challenge to government presenting case agent multiple times and commending process "to clearly present an organized factual recital in an extended conspiracy trial"); *United States v. Fair*, Case No. 1:21CR361, 2022 WL 16796941, at *1 (N.D. Ohio Nov. 8, 2022) (granting government's request to permit

case agent to testify twice in multi-week trial and noting that it has "permitted this approach in lengthy and complex trials"); *United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982); *United States v. Tawfik*, Case No. 17-20183, 2022 WL 866395, at *8 (E.D. Mich. Mar. 23, 2022) (collecting cases); *United States v. Edelin*, 128 F. Supp. 2d 23, 47 (D.D.C. 2001) (collecting cases). The Government's request is therefore unremarkable and hardly novel.

The Government's proposal is an altogether appropriate use of the Government's case agent and well within the latitude the Government's ability to present its case under the Rules of Evidence. *See Old Chief v. United States*, 519 U.S. 172, 186–89 (1997) (noting that the "persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them"). More importantly, Defendants' attempt to circumscribe the Government's ability to present its case would contravene the Supreme Court's admonition that "[a] party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way." *Id.* at 189 (noting that government is "entitled to prove its case free from any defendant's option to stipulate the evidence away"). Here, the jurors' frustration as a result of Defendants' unwarranted limitation on the Government would doubtlessly rebound on the Government.

The proposed testimony through the case agent would be highly relevant, since much of evidence consist of Defendants' own admissions and statements to and from co-conspirators. *See* Fed. R. Evid. 401. It would be elicited efficiently and therefore conserve time. *See* Fed. R. Evid. 611(b). The case agent would be subject to cross-examination by Defendants if they so choose, and would not be serving as a summary witness, such as the case agent who provided

4

testimony "drawn largely for his knowledge of the case file and upon his conversations with co-conspirators." *United States v. Dukagjini*, 326 F.3d 45, 55 (2d Cir. 2003). Moreover, the agent's limited presentation—devoid of any conclusions or argument—would be a far cry from the unfounded concerns of multiple summations. *See* Def. Mot. at 1.

Finally, permitting such presentation will likely shorten, not prolong, the trial, because the Government will assess the necessity to calling additional witnesses or presenting additional evidence as the trial proceeds. If it appears that the jury understands the evidence presented, the Government may be able to move examinations more quickly or not call other witnesses at all. However, if the evidence presented to the jury is jumbled or illogical, it will require more time—not less—to unpack that evidence through other witnesses and additional exhibits.

Defendants' preference in this case would be particularly unhelpful to the trier of fact in a long complex trial with potentially separate defenses, which Defendants themselves highlighted in justifying equal 20 minute openings for each Defendant. "People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." *Old Chief*, 519 U.S. at 189. Indeed, such a result is antithetical to Rule 611's charge to district courts to make its trial procedures "effective for determining the truth" and "avoid wasting time." Accordingly, Defendants' motion should be denied.[1]

---

[1] Even if the Court were inclined to grant the motion, it could still permit the Government to present such evidence upon admission *without a case agent*, but rather through Government counsel directly without a witness.

Respectfully submitted,

CARRIE A. SYME
T. JAKOB SEBROW
TRIAL ATTORNEYS, NEW YORK OFFICE
U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Tel.: (646) 714-1906

*/s/ David T. Huang*
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30434
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT  06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2023, a copy of the foregoing THE UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE CASE AGENTS was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                        */s/ David T. Huang*
                                                        David T. Huang
                                                        Assistant United States Attorney