**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

      v.

MAHESH PATEL, ROBERT HARVEY,
HARPREET WASAN, STEVEN
HOUGHTALING, TOM EDWARDS, and
GARY PRUS,

No. 3:21-cr-220 (VAB)

**ANNOTATED POST-TRIAL JURY INSTRUCTIONS**

## Table of Contents

INTRODUCTION...................................................................................................... 1
PART I: GENERAL INSTRUCTIONS................................................................... 3
    A.    Role of the Court ............................................................................. 3
    B.    Instructions to Be Considered as a Whole ..................................... 3
    C.    All Parties Entitled to Full and Fair Hearing ................................. 4
    D.    Sidebar Conferences ....................................................................... 5
    E.    Objections and Rulings ................................................................... 6
    F.    Court's Questions to Witnesses [IF APPLICABLE] ...................... 7
    G.    Publicity ......................................................................................... 7
    H.    Duties of the Jury ........................................................................... 8
    H.    Three Basic Rules in Criminal Cases ............................................. 8
        1.    Presumption of Innocence ..................................................... 8
        2.    Burden of Proof ..................................................................... 9
        3.    Proof Beyond a Reasonable Doubt ........................................ 9
    I.    "Prove," "Find," and "Establish" ................................................ 10
    J.    Forms of Evidence ....................................................................... 11
    K.    What Is Not Evidence .................................................................. 11
    L.    Direct and Circumstantial Evidence ............................................ 12
    M.    "Inference" Defined ..................................................................... 13
    N.    Multiple Defendants—One Count ............................................... 14
    O.    Consider Only the Charges ........................................................... 14
    P.    Failure To Name a Defendant ...................................................... 15
    Q.    Common Counsel and Counsel Cooperation ............................... 15
    N.    Specific Investigation Techniques Not Required ......................... 16
    O.    Evaluating the Evidence ............................................................... 16
    P.    Stipulations [IF APPLICABLE] .................................................. 18
    Q.    Acts and Declarations of Co-Conspirators [IF APPLICABLE] .... 18
    R.    Cooperating Witness Testimony [IF APPPLICABLE] ................ 19
    S.    Testimony of an Immunized Witness—Court Order of Immunity [IF APPLICABLE] ........................................................................ 20
    T.    Testimony of Immunized Witness—Informal Agreement [IF APPLICABLE] ............................................................................. 21
    U.    Testimony of Law Enforcement Witnesses ................................. 22
    U.    Uncontradicted Testimony ........................................................... 22
    V.    Defendant's Decision Not to Testify [IF APPLICABLE] ............ 23
    Y.    Defendant's Testimony [IF APPLICABLE] ............................... 23
    Z.    Expert Testimony [IF APPLICABLE] ....................................... 24
    BB.    Impeachment of Witnesses .......................................................... 25
    CC.    Impeachment by Felony Conviction – Non-Defendant [IF APPLICABLE] . 25
    DD.    Impeachment by Prior Inconsistent Statement [IF APPLICABLE] ........... 25
    EE.    Grand Jury Testimony [IF APPLICABLE] ............................... 26
PART II: THE CHARGES ................................................................................... 28

 **A.** **The Nature and Function of Charges**..................................................... 28

 **B.** **COUNT ONE** ..................................................................................... 28

   **STATUTES DEFINING THE OFFENSE** .............................................. 30

   **PURPOSE OF THE STATUTE** ............................................................ 31

   **ELEMENTS OF THE OFFENSE** ......................................................... 32

   **FIRST ELEMENT – EXISTENCE OF THE CHARGED CONSPIRACY**.. 33

   **FIRST ELEMENT—HORIZONAL ALLOCATION OF A LABOR**
    **MARKET DEFINED** ...................................................................... 36

   **FIRST ELEMENT—POTENTIAL PARTIES TO THE CONSPIRACY** .... 38

   **FIRST ELEMENT—LIABILITY OF SUPERVISORS FOR ACTS OF**
    **SUBORDINATES** ......................................................................... 39

   **FIRST ELEMENT—CONSCIOUS PARALLELISM**.............................. 40

   **FIRST ELEMENT—SINGLE V. MULTIPLE CONSPIRACIES [IF**
    **APPLICABLE]** ............................................................................. 41

   **SECOND ELEMENT – KNOWINGLY JOINED** .................................. 43

   **PROOF OF MOTIVE** ......................................................................... 45

   **KNOWLEDGE OF ANTITRUST LAWS** .............................................. 46

   **THIRD ELEMENT–INTERSTATE TRADE OR COMMERCE** ................ 47

   **THIRD ELEMENT—DIRECT IMPOSITION ON INTERSTATE**
    **COMMERCE** ............................................................................... 48

   **THIRD ELEMENT—LOCAL ACTIVITIES AFFECTING INTERSTATE**
    **COMMERCE** ............................................................................... 49

   **ANCILLARY RESTRAINTS** .............................................................. 50

**PART III: FINAL INSTRUCTIONS**.................................................................... 54

 **A.** **Possible Punishment** ...................................................................... 54

 **B.** **Note Taking** ................................................................................... 54

 **C.** **Unanimous Verdict** ........................................................................ 55

 **D.** **Additional Instructions**.................................................................. 57

### **INTRODUCTION**

Members of the jury, you now have heard all of the evidence in the case. I now will instruct you concerning the law that applies in this case. After that, the parties will give you their final arguments, and after some additional instructions by me, you will return to the jury room to deliberate consistent with my instructions.

Before I give you these instructions, however, I want to thank you for the time and attention you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention. You have been provided with a copy of my instructions so that you can read along as we go.

My instructions will be delivered in three parts:

First, some instructions on general rules that define and control the role of the Court and the duty of the jury in a criminal case;

Second, instructions that define the elements of the offenses charged in this case (that is, the elements that the United States of America (the "Government") must prove beyond a reasonable doubt in order to make its case); and

Third, some rules and guidelines for your deliberations and some final instructions.

1

Before we begin, I ask you to review the document that each of you found at your seat when you entered a moment ago—namely, the Verdict Form. When we conclude these instructions and you have to deliberate, you will leave the copies you are now reviewing on your chairs. When deliberating, you will have your copies of the Jury Instructions and the original Verdict Form, along with the exhibits admitted in this case and any personal notes that you may have taken. For the moment, your brief review of the Verdict Form will help you to better understand my instructions and the tasks you will perform when you deliberate.

## PART I: GENERAL INSTRUCTIONS

### A.    Role of the Court

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, but it is now—at the close of evidence—that the final instructions governing your deliberations are given, so please be patient and listen closely. Everything I am going to tell you now is consistent with the preliminary instructions given at the start of the trial. But, if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions. These instructions, the ones I am giving right now, must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them. You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

### B.    Instructions to Be Considered as a Whole

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

3

The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return—that is a matter for you alone to decide.

I also should point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

### C.     <u>All Parties Entitled to Full and Fair Hearing</u>

Regardless of your ultimate decision about the case, all parties in this case are entitled to a full and fair hearing. The parties are entitled to a trial free from prejudice or bias. It would be improper for you to consider, in reaching your decision, any personal feeling you may have about the race, religion, national origin, sex, or age of a Defendant, any witness, or anyone else associated with this case. It would be equally improper for you to allow any feeling you might have about the nature of the crime charged to interfere with your decision-making process. You must not be swayed by sympathy for, or prejudice against, any party. If you let your sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right. In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party.

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality. The case is important to the Government, for the enforcement of criminal laws is a matter of primary concern to the

4

community. But it is equally important to Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards, and Gary Prus, who are charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to the litigation. By the same token, it is entitled to no less consideration. All of the parties, whether the Government or Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus, stand equal before the law and are to be dealt with as equals in a court of justice. The question before you can never be: Will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

You should be guided solely by a dispassionate consideration of the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict. I know that you will do this and, in that way, reach a just and true verdict. You have been chosen to try the issues of fact and to reach an impartial verdict on the basis of the evidence or lack of evidence. Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

### D. Sidebar Conferences

There have been occasions in this case when one of the attorneys asked to confer with the Court out of your hearing. In such situations you, the jury, should not feel slighted. You are not to speculate about what may have been discussed. Likewise, you should have no resentment towards the attorney who requested a sidebar conference. In the interests of justice and to expedite a trial, it is perfectly proper that conferences be held right here at this bench between counsel and the Court, because this avoids the inconvenience of having the jury file out and file back in again and prevents the jury from becoming confused on technical legal matters.

5

E.    **Objections and Rulings**

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper. You should not show any prejudice against an attorney or their client because the attorney objected to the admission of evidence or the phrasing of a question or asked the Court to rule on an objection or the propriety of a question. The application of the rules of evidence is not always clear, and lawyers (and even judges) often disagree about what is permissible and what is not. It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other. You are not to concern yourselves with why a lawyer made an objection or why I ruled on it in the manner that I did. You should draw no inference from the fact that a lawyer objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have stricken an answer, you must disregard the part of the answer that was stricken, because it is not evidence.

A final word about the attorneys: during the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. However, it is important for you as jurors to

recognize that this is not a contest among attorneys. Whatever you may think about the conduct of the lawyers during this trial, you must remember that this dispute is about the parties, not the lawyers, and you must decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence and my instructions on the law that counts in this case.

### F.    Court's Questions to Witnesses [IF APPLICABLE]

During the course of the trial, I may have occasionally asked questions of a witness, in order to clarify testimony, to avoid misunderstandings, or to bring out facts not then fully covered in the testimony. I told you at the beginning of the trial, and I tell you again, not to assume that I hold any opinion on the subject of my questions. You will recall that I have told you that the questions of counsel and the arguments of counsel are not evidence and may not be considered by you as such.

Remember at all times that you, as jurors, should not infer that my questions of any witness meant that I hold or held any opinion in the case, and you should not think that I do.

### G.    Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report that you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

## H.       Duties of the Jury

It is your duty to find the facts from all the evidence in the case. You must apply the law as I give it to you to the facts as you find them. You must follow the law as I give it to you, whether you agree with it or not. And you must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, which you must consider dispassionately, free of emotion. You will recall that you took an oath promising to do so at the beginning of the case. In your role as jurors, you are not to be concerned with the wisdom or the policy of the law that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are charged with violating. If, in fact, a violation has occurred, the law should be enforced.  Your only responsibility is to determine whether the Government has proven beyond a reasonable doubt that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus have violated the law as charged.

The verdict you reach must be unanimous—that is, agreed upon by each of you. You must each decide the case for yourself but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## H.       Three Basic Rules in Criminal Cases

There are three basic rules in criminal trials:

### 1.       Presumption of Innocence

I instruct you that you must presume Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus to be innocent of the crime charged. Thus, Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus, although accused of criminal conduct, begin the trial with a "clean slate," with no evidence against them and are presumed to be innocent of the charge against them. The fact that there is charge against them, as you already know, is not

evidence of any kind. The presumption of innocence alone therefore is sufficient to acquit Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus.

The presumption of innocence was with Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus when the trial began, and it remains with them even as I speak to you now. I also instruct you that they shall be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied, after careful and impartial consideration of all the evidence in the case, that the Government has proven Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, or Mr. Prus to be guilty beyond a reasonable doubt.

### 2.      Burden of Proof

As a result of Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus's pleas of not guilty, the burden is on the Government to prove their guilt beyond a reasonable doubt. This burden never shifts to Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are not even obligated to produce any evidence by cross-examining the witnesses for the Government.

### 3.      Proof Beyond a Reasonable Doubt

I have said that the Government must prove Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus guilty beyond a reasonable doubt. The question naturally is: What is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all the evidence. Proof beyond a reasonable doubt

must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. On the other hand, a reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. Although the Government must prove guilt beyond a reasonable doubt, the Government is not required to prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The absence of evidence is a valid basis for reasonable doubt. The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material matters. An absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty. If, after fair and impartial consideration of all the evidence and lack of evidence against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, or Mr. Prus, you have a reasonable doubt, then it is your duty to find him not guilty. On the other hand, if after fair and impartial consideration of all the evidence against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, or Mr. Prus, you are satisfied of his guilt beyond a reasonable doubt, you should vote to find him guilty.

## I.    **"Prove," "Find," and "Establish"**

Throughout the remainder of my instructions, I will use the word "prove" when talking about what the Government must do in order to establish the guilt of Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus. My use of the word "prove" means "prove beyond a reasonable doubt," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the Government beyond a reasonable doubt, even if I simply use the word "find."  Likewise, if I say that the

Government must "establish" a fact, you must find that fact has been established by the Government beyond a reasonable doubt.

**J.        Forms of Evidence**

The evidence, from which you are to decide what the facts are, comes in one of three forms: First, there is the sworn testimony of witnesses. Second, there are the exhibits that have been received into the trial record. The exhibits that have been admitted into evidence will be with you in the jury room. If an exhibit has been admitted into evidence, it is evidence that can be considered by you, regardless of whether any witness referred to the exhibit or testified about it during the trial. Exhibits which have been marked for identification may not be considered by you as evidence, unless and until they have been received in evidence by the Court. In addition, materials brought forth only to refresh a witness's recollection are not evidence unless specifically admitted into evidence.

The third form of evidence is any facts and testimony to which all the lawyers have agreed or stipulated, or that I have directed you to find. A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true. However, the fact that the Government and Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus have stipulated to or agreed to certain facts and testimony should not be viewed by you as an admission of any criminal wrongdoing.

**K.        What Is Not Evidence**

Certain things are not evidence and are to be disregarded in deciding what the facts are:

Arguments or statements by lawyers are not evidence.

11

The questions to the witnesses are not evidence. I instructed you earlier that my questions and comments are not evidence. They may be considered only to give meaning to the witnesses' answers. In short, questions are not evidence; answers are.

Objections to questions and arguments are not evidence. As I mentioned, attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is "sustained," ignore the question; if it is "overruled," treat the answer like any other answer.

Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded. In addition, some testimony and exhibits have been received only for a limited purpose. Exhibits marked for identification but not admitted as evidence may not be considered as evidence. Of course, where I have given any limiting instruction about evidence that you heard or saw, you must follow it.

Anything you may have seen or heard outside of this courtroom is not evidence. I remind you that you must completely disregard any media reports on this matter or any seemingly related matter. Indeed, it would be unfair to consider anything other than what has been presented in this courtroom, since it is not evidence and the parties have not had an opportunity to challenge its accuracy or otherwise explain them. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by anything done or said outside of this courtroom.

L.      **Direct and Circumstantial Evidence**

I have already told you about the three forms in which evidence comes: testimony, exhibits, and stipulations. There are also two kinds of evidence: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact

exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. For example, if you see water on the street outside your window, you can infer that it has rained. In other words, the fact of rain is an inference that could be drawn from circumstantial evidence, the presence of water on the street. Direct evidence of rain, on the other hand, would be an actual observation of raindrops coming down from the sky.

The law makes no distinction between the weight to be given to direct or circumstantial evidence, but requires that, in order to convict a defendant, you must be convinced of his guilt beyond a reasonable doubt, based upon all the evidence in the case. When the defense relies on circumstantial evidence, however, you should not and are not to hold the defense to proving facts that convince you beyond a reasonable doubt of their existence. A defendant in a criminal trial is never obligated to prove any facts beyond a reasonable doubt.

**M.      "Inference" Defined**

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences can be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus ask you to draw another. It is for you, and you alone, to decide what inference you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or

circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Each juror must be guided by his or her own sense of whether an inference is justified or reasonable under all of the circumstances presented. Each juror should carefully weigh what inferences, if any, to draw from the evidence that has been presented.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus's guilt beyond a reasonable doubt before you may convict them.

### N.    <u>Multiple Defendants—One Count</u>

There are six Defendants on trial before you. Each has been charged with the same crime. You must return a separate verdict of guilty or not guilty for each Defendant.

In reaching your verdict, bear in mind that guilt is personal and is individual. Your verdict must be based solely upon the evidence about each defendant. The case against each Defendant stands or falls upon the proof or lack of proof against that Defendant alone and your verdict as to any Defendant should not influence your decision as to any other Defendant.

### O.    <u>Consider Only the Charges</u>[1]

Mr. Patel, Mr. Harvey, Ms. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are not charged with committing any crime other than the offenses specifically charged here. You have heard evidence of other acts allegedly committed by a Defendant. When that evidence was

---

[1] This proposed charge is derived from Chapter 3, Instruction 3-3 of the Modern Federal Jury Instructions-Criminal.

introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the offense specifically charged here.

**P.      Failure To Name a Defendant**

You may not draw any inference, favorable or unfavorable, towards the Government or the Defendants on trial, from the fact that certain persons were not named as defendants here or that certain persons were named as co-conspirators but not charged. The circumstances under which these persons were not charged must play no part in your deliberations. Except that you may consider whether the witness' testimony should be believed because he or she had been granted immunity. I will instruct you in more detail about this matter later.

Whether a person should be named as a co-conspirator or specifically charged as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

**Q.      Common Counsel and Counsel Cooperation[2]**

You have also noticed throughout the trial that counsel for various Defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case.

---

[2] This proposed charge is derived from Chapter 2, Instruction 2-10 of the Modern Federal Jury Instructions-Criminal.

The issue of each Defendant's guilt is personal and you must make a separate determination as to whether or not each Defendant's guilt has been proven beyond a reasonable doubt. In making that judgment, you are to disregard entirely the circumstance that counsel for various Defendants have worked together during the trial. Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.

## N.   Specific Investigation Techniques Not Required

You also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based upon all the evidence in the case, the Government has proven beyond a reasonable doubt that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are guilty. In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. You may consider, however, the fact that the Government did not use certain investigative techniques or exhaustively pursue every piece of information in determining whether the Government has met its burden of proof.

## O.   Evaluating the Evidence

It must be clear to you by now that you are being called upon to resolve various factual issues. You now will have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each

16

witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

You have had an opportunity to observe all of the witnesses. It is now your job to decide how credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony, or did he or she contradict him or herself? Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

In making that decision, you may also consider:

The witness's opportunity to observe the events he or she described.

The witness's intelligence and memory.

The witness's bearing and/or demeanor while testifying.

Whether the witness has any interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case. Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth or give you something other than a completely accurate account of the facts to which he or she testified? In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that witnesses may have towards the Defendants. Evidence that a witness is biased, prejudiced, or hostile requires you to view that witness's testimony with caution, to weigh

it with care, and subject it to close and searching scrutiny. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**P.**    **Stipulations [IF APPLICABLE]**

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given to that testimony.

**Q.**    **Acts and Declarations of Co-Conspirators [IF APPLICABLE]**

You will recall that I have admitted into evidence against the Defendants the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against a Defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

18

If you find, beyond a reasonable doubt, that a Defendant was a member of the charged conspiracy, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that Defendant. This is true even if such acts were done and statements were made in his absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a Defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the Defendant.

**R.      Cooperating Witness Testimony [IF APPPLICABLE]**

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime charged, and these witnesses are now cooperating with the Government. The law allows the use of the testimony of a cooperator.

Counsel have argued about the cooperating witnesses and whether or not you should believe them. I have given you some general considerations on credibility, and I will not repeat them all here. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

You should ask yourselves whether a cooperating witness would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because he or she believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did he or she believe that their interests would be best served by testifying truthfully? If you believe that a

cooperating witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to a cooperating witness.

**S.**　**Testimony of an Immunized Witness—Court Order of Immunity [IF APPLICABLE][3]**

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a Defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the Defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

---

[3] This proposed charge is derived from Chapter 7, Instruction 7-8 of the Modern Federal Jury Instructions – Criminal.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

**T.**       **Testimony of Immunized Witness—Informal Agreement [IF APPLICABLE][4]**

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

---

[4] This proposed charge is derived from Chapter 7, Instruction 7-9 of the Modern Federal Jury Instructions – Criminal.

21

U.      **Testimony of Law Enforcement Witnesses**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that this testimony may be affected by a personal or professional bias or interest in the outcome of the case. Evidence that a witness is biased, prejudiced, or hostile toward a Defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

U.  **Uncontradicted Testimony**

The fact that one party called more witnesses or introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses. You also are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon reason, common sense, and experience.

## V.  <u>Defendant's Decision Not to Testify</u> [IF APPLICABLE]

Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus did not testify in this case. Under our Constitution, a Defendant has no obligation to testify or to present any evidence in his defense, because it is the Government's burden to prove his guilt beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the Defendant. A Defendant is never required to prove that he is innocent.

You may attach no significance to the fact that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus did not testify. You are not to speculate as to why they did not testify or about what they might have said if they had elected to testify. No adverse inference may be drawn by you because they did not take the witness stand. You may not consider this against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus in any way in your deliberations in the jury room. You are to confine your deliberations exclusively to the question of whether or not—on the evidence actually before you—the Government has established their guilt beyond a reasonable doubt.

## Y.  <u>Defendant's Testimony</u> [IF APPLICABLE]

In a criminal case, a Defendant cannot be required to testify, but if a Defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus elected to testify. You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of this case.

23

**Z.**     **Expert Testimony [IF APPLICABLE]**

In this case, I have permitted certain witnesses, Gregg Cohen, Ty Lopez, and Dennis Carlton, to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias, motive, or interest in the outcome of this case you may find such expert may have. You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment, and common sense.

The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

**BB.**     **Impeachment of Witnesses**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive duty to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credit you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

**CC.**     **Impeachment by Felony Conviction – Non-Defendant [IF APPLICABLE]**

You have heard the testimony of witnesses who were previously convicted of a crime, punishable by more than one year in jail. These prior convictions were put into evidence for you to consider in evaluating the witness's credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

**DD.**     **Impeachment by Prior Inconsistent Statement [IF APPLICABLE]**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe

the trial testimony of the witness who contradicted himself. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness, and not to establish the truth of these earlier statements made somewhere other than here during this trial. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### EE.   Grand Jury Testimony [IF APPLICABLE]

You have heard evidence that a witness made statements before the grand jury which may be inconsistent with that witness's trial testimony here.

Such evidence of prior inconsistent statements may be used for all purposes, including helping you decide whether to believe the trial testimony of that witness. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an

26

important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### FF.   <u>Charts and Summaries</u> [IF APPLICABLE]

During the presentation of its case and during its closing argument, the Government and Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus presented exhibits in the form of a chart or summary. The exhibits were shown to you in order to save time and avoid unnecessary inconvenience. That was its only purpose. The chart or summary is not itself evidence. It is for you to decide whether the chart or summary correctly presents the information contained in the testimony and in the exhibits upon which it is based. You are entitled to consider the charts or summary if you find that it is of assistance to you in analyzing the evidence and understanding the evidence.

## PART II: THE CHARGES

### A.    **The Nature and Function of Charges**

Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus each face one count of Conspiracy in Restraint of Trade.

In a moment, I will explain to you the elements of the offense with which Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are charged. Before that, however, I remind you that the fact that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus have been charged is not, and may not be considered to be, evidence supporting any of the elements of these offenses.

Criminal charges are just a formal accusation and can in no sense be considered as proof in the slightest degree of a defendant's guilt. As jurors, you should not permit yourselves to be influenced in any way against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus because of, or on account of, the criminal charge or because Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus have to stand trial here. That Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus have been accused and are on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are more likely to be guilty than innocent.

### B.    **COUNT ONE**

Count One charges Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus with Conspiracy in Restraint of Trade.

Specifically, Count One charges that:

Beginning at least as early as 2011 and continuing until as late as September 2019,

28

the Defendants knowingly entered into and engaged in a conspiracy between and among each other, other individuals and the following companies—Pratt & Whitney, QuEST Global Services, Belcan, Cyient, Parametric Solutions, and Agilis Engineering—to suppress competition by allocating employees in the aerospace industry working on outsourced engineering projects for Pratt & Whitney, specifically by agreeing to restrict the hiring and recruiting of engineers and other skilled-labor employees between and among those companies in the United States.

All in violation of Title 15, United States Code, Section 1.

## STATUTES DEFINING THE OFFENSE[5]

Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are charged with violating section 1 of the Sherman Antitrust Act. That law provides that "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a crime."

---

[5] This proposed charged is derived from Chapter 58, Instruction 58-1 of the Modern Federal Jury Instructions – Criminal.

## PURPOSE OF THE STATUTE[6]

The purpose of the Sherman Act is to preserve and encourage free and open business competition so that the public may receive better goods and services at a lower cost.

---

[6] This proposed charged is derived from Chapter 58, Instruction 58-2 of the Modern Federal Jury Instructions – Criminal.

## ELEMENTS OF THE OFFENSE[7]

In order to prove the conspiracy to allocate employees charged in Count One against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus, the Government must establish, beyond a reasonable doubt, each of the following three elements of the offense:

First, that the conspiracy Defendants are charged with participating in existed during the time alleged;

Second, that Defendants knowingly—that is voluntarily and intentionally—joined this conspiracy, knowing of its goal and intending to help accomplish it;

Third, that the conspiracy concerned goods or services in interstate commerce.

The term "person" includes individuals, corporations, partnerships, and every other association or organization of every kind and character.

I will now define these elements in more detail.

---

[7] This proposed charged is derived from Chapter 58, Instruction 58-3 of the Modern Federal Jury Instructions – Criminal, the ABA Section of Antitrust Law, Chapter 3 Section A, and recent jury instructions in *per se* criminal cases. *See* Jury Instructions at 16, *United States v. Lischewski*, No. 3:18-cr-203 (N.D. Cal. Dec. 2, 2019) ("[T]hat the defendant knowingly—that is, voluntarily and intentionally—became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it."); Jury Instructions at 19, *United States v. Penn*, No. 20-cr-152 (D. Colo. July 7, 2022) ("[T]hat the defendant knowingly—that is, voluntarily and intentionally—became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it"); Tr. at 2136, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180 ("What the government must prove is that the claimed conspiracy was knowingly formed; that it was formed with the intention to accomplish, by joint action, price fixing and bid rigging . . . .").

## **FIRST ELEMENT – EXISTENCE OF THE CHARGED CONSPIRACY**[8]

As I have just told you, the first element that the Government must prove, beyond a

reasonable doubt, is the existence of the conspiracy charged, which took the form of an

agreement among horizontal competitors to allocate the market for engineers and other high

skilled employees in the aerospace industry working on projects for Company A that began in or

about 2011 and continued until in or about September 2019.[9] This is important because the part

of the Sherman Act we are concerned with outlaws certain joint activities by competitors, but not

actions taken by a single person or single firm.

A conspiracy is an agreement or mutual understanding between two or more persons to

accomplish an unlawful purpose. The agreement itself is a crime. Whether the agreement is ever

carried out, or whether it succeeds or fails, does not matter. Indeed, the agreement need not be

consistently followed. Conspirators may cheat on each other and still be conspirators. It is the

agreement to do something that violates the law that is the essence of a conspiracy.

The Government must prove, beyond a reasonable doubt, that the particular conspiracy

Defendants are charged with participating in existed, and existed at or about the time alleged by

the Government. If you find that the conspiracy did not exist, you cannot find any Defendant

guilty of Count One. This is so even if you find that some conspiracy other than the one charged

---

[8] This proposed charge is primarily derived from Chapter 58, Instruction 58-4 of the Modern Federal Jury Instructions-Criminal, and the ABA Section of Antitrust Law, Chapter 3 Section D.

[9] This portion of the proposed charged is derived from the Indictment, and is consistent with this Court's Ruling and Order on the Motion to Dismiss at 17, ECF No. 257 ("While the no-poach agreement alleged in the Indictment does not qualify as a new category of restraint subject to *per se* treatment, the alleged conduct is subject to *per se* treatment because it is properly pled as a market allocation."), and *Bogan v. Hodgkins*, 166 F.3d 509, 515 (2d Cir. 1999) (finding the no poach agreement was not a market allocation where it "d[id] not allocate the market for agents to any meaningful extent").

existed; and even though any other conspiracy you may find existed had a purpose and/or membership similar to the charged conspiracy.

Direct proof of a conspiracy may not be available. A conspiracy may, however, be disclosed by the circumstances or by the acts of the members. Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used.

Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interests, does not necessarily establish the existence of a conspiracy. If actions were taken independently by them, solely as a matter of individual business judgment, without any agreement or mutual understanding among them, then there would be no conspiracy. Evidence that shows that alleged conspirators pretended to agree, or jokingly agreed, or merely, at times, engaged in wishful thinking, is not evidence that there was an agreement about the unlawful objective charged.[10]

A conspiracy may vary in its membership from time to time. It may be formed without all parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are. It is not essential that all members acted exactly alike or agreed to play any particular part in carrying out the agreement. The unlawful agreement may be shown if the proof establishes that the parties knowingly worked together to accomplish a common purpose.

---

[10] Tr. at 2135–36, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180.

In determining whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal. You should consider the actions and statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and statements of the participants. Acts that are by themselves wholly innocent acts may be part of the sum of the acts that make up a conspiracy to restrain trade in violation of the Sherman Act.

A conspiracy ends only when its purposes and objectives have been accomplished or all the parties to the conspiracy abandon or terminate it.

### FIRST ELEMENT—HORIZONAL ALLOCATION OF A LABOR MARKET DEFINED[11]

Defendants are charged with conspiring to allocate or divide up a labor market in which they would otherwise compete. A conspiracy to allocate labor markets is an agreement between two or more competitors that compete for employees not to compete in a particular labor market. Labor market allocation exists, for example, where two or more competitors for employees agree not to solicit or hire in territories or markets in which the other solicits or hires. If, however, you find that the Defendants were not competitors in the labor market, then the Defendants have not agreed to a horizontal allocation of the labor market.[12]

The aim and result of every horizontal allocation agreement, if successful, is the elimination of one form of competition.

If you should find that the Defendants and alleged coconspirators entered into the charged agreement to allocate or divide the labor market, the fact that the Defendants or their alleged coconspirators did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objectives, is no defense. The agreement is the crime, even if it was never carried out.

Evidence that the Defendants and alleged coconspirators actually competed with each other has been admitted to assist you in deciding whether they actually entered into an agreement to allocate the labor market. If the conspiracy charged is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to

---

[11] This proposed charge is derived from the ABA Section of Antitrust Law, Chapter 3 Section D and Tr. at 2138–43 *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180.
[12] This proposed charge is primarily derived from Chapter 79, Instruction 79-4 of the Modern Federal Jury Instructions-Civil.

eliminate all competition. Nor is it a defense that the conspirators did not attempt to collude with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all employees hired by the conspirators or did not affect all of their labor markets.

Evidence of the specific forms or methods of competition among the Defendants and alleged coconspirators has been admitted to assist you in deciding whether they entered into an agreement to allocate or divide the labor market. Such evidence may lead you to conclude that the Defendants and alleged coconspirators never entered into the agreement charged or that they did enter into the agreement; or it may show that they made an agreement but failed to live up to it, started undercutting one another right away. Or it may show that they became convinced that the whole scheme was unwise and should be abandoned. Regardless of this type of evidence, if the conspiracy as charged existed, for the charged period of time, it was unlawful.

The Defendants and alleged coconspirators may have had the same or similar hiring practices; and such conduct would not violate the Sherman Act, unless you found it was done pursuant to an agreement between two or more conspirators, as alleged.

Nevertheless, you may consider such facts and circumstances along with all other evidence in determining whether the evidence of competition or similarity of business practices resulted from the independent acts or business judgment of the defendants and alleged coconspirators freely competing in the open market, or whether it resulted from an agreement among or between two or more of them.

## **FIRST ELEMENT—POTENTIAL PARTIES TO THE CONSPIRACY**[13]

A conspiracy requires at least two separate parties. This means that in order to find a conspiracy, you must find that at least one Defendant agreed with one or more other parties, including but not necessarily limited to the other Defendants, to carry out the illegal acts that the government claims they carried out.

A corporation cannot conspire with its own officers or employees. Nor can a corporation's employees conspire among themselves. This is because a corporation, its officers, and employees are so closely related that they are deemed to share a common purpose and are considered by the law to be one actor. And a single actor cannot violate this part of the Sherman Act.

---

[13] This proposed charge is derived from Chapter 58, Instruction 58-5 of the Modern Federal Jury Instructions-Criminal.

## FIRST ELEMENT—LIABILITY OF SUPERVISORS FOR ACTS OF SUBORDINATES[14]

To find any Defendant criminally responsible for the acts of a subordinate, you must find beyond a reasonable doubt that:

First, the Defendant was aware of the existence of the conspiracy;

Second, that the Defendant knowingly authorized, ordered, or consented to the participation of a subordinate in that conspiracy; and

Third, that the Defendant was in a position to stop that subordinate who he knew was participating in that conspiracy from participating further, but failed to do so.

In determining whether the Defendant was responsible for the acts of a subordinate, you should consider his position in the company, his relationship to his subordinates, any orders, instructions, or directions he might have given or failed to give them, any reports that they might have made or not made to him, and any other relevant circumstances.

---

[14] This proposed charge is derived from Chapter 58, Instruction 58-21 of the Modern Federal Jury Instructions-Criminal.

## FIRST ELEMENT—CONSCIOUS PARALLELISM[15]

The fact that various persons engaged in similar conduct does not, in and of itself, establish the existence of a conspiracy. This is true even if they did so knowing that others were following similar practices. Similarity of business practices or even the fact that the Defendants may have adopted identical hiring policies does not automatically establish a conspiracy because such practices may be consistent with ordinary competitive behavior in a free and open market.

On the other hand, when it is a fact that similar practices are followed by a number of persons, with each being aware that the other is doing so, that is evidence which you should consider, along with the other evidence in the case, in determining whether an unlawful agreement or conspiracy existed.

In determining whether to find such an agreement, you should consider whether the different persons adopting similar practices did so because of their own independent judgment as to what was in their own best economic interest. In deciding this, you should consider whether the practices employed made sense in light of the industry conditions, and whether the benefits from those practices were dependent on other persons doing the same thing.

In order to find a conspiracy based on consciously similar actions, you must find additional circumstances that make it unlikely that those similar courses of action resulted from the exercise of independent business judgment. In short, you must find that those engaged in similar actions were a group, acting together, rather than individual competitors who happen to have done the same thing.

---

[15] This proposed charge is derived from Chapter 58, Instruction 58-8 of the Modern Federal Jury Instructions-Criminal and Tr. at 2137, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180.

**FIRST ELEMENT—SINGLE V. MULTIPLE CONSPIRACIES [IF APPLICABLE][16]**

In this case, the Defendants contend that the Government's proof fails to show the existence of only one overall conspiracy. Rather, they claim that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged, unless one of the conspiracies proved happens to be the single conspiracy charged.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the charged purposes. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged did not exist, you cannot find any Defendant guilty of the single conspiracy charged. This is so even if you find that some

---

[16] This proposed charge is primarily derived from Chapter 19, Instruction 19-5 of the Modern Federal Jury Instructions-Criminal.

conspiracy other than the one charged existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular Defendant was a member of another conspiracy, and not the one charged, then you must acquit the Defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged existed. If it did, you then must determine the nature of the conspiracy and who were its members.

## SECOND ELEMENT – KNOWINGLY JOINED[17]

The second element the Government must prove, beyond a reasonable doubt, is that each Defendant knowingly joined the conspiracy charged. That is, the Government must prove that a Defendant voluntarily joined the conspiracy with the intent to aid or advance the purpose of the conspiracy, and not because of a mistake, accident, or some other innocent reason.

A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy. It is not necessary that a defendant be fully informed as to all the details of the conspiracy or its scope in order to be a member. Knowledge of the essential nature of the plan is enough.

On the other hand, a person who has no knowledge of a conspiracy, but who happens to act in a way that furthers some purpose of the conspiracy, does not thereby become a member of the conspiracy. Similarly, knowledge of a conspiracy without participation in the conspiracy is also insufficient to make a person a member of the conspiracy.

A person who knowingly and voluntarily joins an existing conspiracy, or participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if he had been one of the originators of the conspiracy or had participated in every part of it.

Your determination whether each Defendant knowingly joined the conspiracy must be based solely on the actions of each particular Defendant. You should not consider what others may have said or done. The membership of each Defendant in the conspiracy must be established by evidence of his own conduct—by what he said or did.

---

[17] This proposed charge is derived from Chapter 28, Instruction 28-10 of the Modern Federal Jury Instructions-Criminal and Tr. at 2144, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180. *See also United States v. Dixon*, 548 U.S. 1, 5 (2006) (stating "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense" (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998))).

43

If you find that any Defendant joined the conspiracy, then that Defendant is presumed to remain a member of the conspiracy—and is responsible for all actions taken in furtherance of the conspiracy—until the conspiracy has been completed or abandoned, or until the defendant has withdrawn from the conspiracy.

The Government does not have to prove that the Defendants specifically intended to produce anticompetitive effects or harm anyone. If Defendants knowingly entered into the alleged agreement or understanding, it is immaterial whether such an agreement or understanding was actually good for Defendants' companies or for the market as a whole. However, evidence of procompetitive benefits or lack of harm might be relevant to determining whether one or more Defendants knowingly entered into an agreement with the intent to aid or advance the purpose of the conspiracy.[18]

---

[18] This portion of the proposed charge is derived from Jury Instructions at 21–22, *United States v. DaVita*, No. 1:21-cr-229 (RBJ) (Apr. 13, 2022), ECF No. 254.

44

## **PROOF OF MOTIVE**[19]

Proof of motive is not a necessary element of the crime with which a Defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty. If the guilt of the Defendant is proved beyond a reasonable doubt, it is immaterial what the motive for the crime may be or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider in bearing on the intent of the defendant.

---

[19] This proposed charge is derived from and Tr. at 2148, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180.

## KNOWLEDGE OF ANTITRUST LAWS[20]

It is not necessary for the Government to prove that the Defendant knew that the conspiracy to allocate employees is a violation of the law. Thus, if you find beyond a reasonable doubt from the evidence in the case that the Defendant knowingly joined the conspiracy as charged, then the fact that the Defendant believed in good faith that what was being done was not unlawful is not a defense. Nor is it a defense to the charged crime that a Defendant consulted with legal counsel or relied on that counsel's advice in deciding to join the charged conspiracy.

---

[20] This proposed charge is derived from and the ABA Section of Antitrust Law, Chapter 3 Section L and Tr. at 2145, *United States v. Aiyer*, No. 18-cr-333 (JGK) (S.D.N.Y. Nov. 20, 2019), ECF No. 180.

## **THIRD ELEMENT–INTERSTATE TRADE OR COMMERCE**[21]

If you find that the conspiracy as specifically charged existed, and that a Defendant joined that conspiracy knowingly and with the intent to unreasonably restrain trade, then you must consider the final element the Government must prove, again beyond a reasonable doubt. That is that the conspiracy concerned interstate or foreign commerce.

The Government may prove this element in either one of two ways. First, the Government may prove that the conspiracy was imposed directly upon goods or services in the flow of interstate commerce—that is, commerce moving from one state to another, or between the United States and another country. Second, the Government may prove that the conspiracy had a substantial effect on interstate commerce. Either method is sufficient, by itself, to establish that the conspiracy concerned interstate commerce. I will now explain the difference between these two ways of proving the interstate commerce element.

---

[21] This proposed charge is derived from Chapter 58, Instruction 58-16 of the Modern Federal Jury Instructions-Criminal.

## THIRD ELEMENT—DIRECT IMPOSITION ON INTERSTATE COMMERCE[22]

As I have said, the Government may meet its burden of proving that the Defendants' conspiracy concerned interstate or foreign commerce by proving that the conspiracy was directly imposed on goods or services in the flow of commerce from one state to another. If you find that the Defendants' activities were directly imposed on goods or services directly in the flow of interstate commerce, then the amount, quantity, or value of interstate commerce involved or affected does not matter.

---

[22] This proposed charge is derived from Chapter 58, Instruction 58-17 of the Modern Federal Jury Instructions-Criminal.

## THIRD ELEMENT—LOCAL ACTIVITIES AFFECTING INTERSTATE COMMERCE[23]

The Government may prove that the Defendants' conspiracy concerned interstate or foreign commerce by proving that the conspiracy had a substantial effect on interstate commerce. A conspiracy may have an effect on interstate commerce even though some or all of the conspirators do not themselves engage in interstate commerce and have confined their activities to a single state.

So even though the Defendant's activities may have been completely local in nature, you may find that the conspiracy involved interstate commerce if the Defendant's activities affected more than an insignificant amount of trade between the states. If, however, you find that the Defendant's illegal activities had either no impact or only a minimal impact on interstate trade, then you must find that the Defendant's activities did not involve interstate commerce, and you must find the Defendant not guilty.

---

[23] This proposed charge is derived from Chapter 58, Instruction 58-18 of the Modern Federal Jury Instructions-Criminal.

## ANCILLARY RESTRAINTS

Even if the Government proves the three elements beyond a reasonable doubt, if the charged agreement is ancillary to a legitimate business collaboration you must find the Defendants not guilty. The Government bears the burden of proving the charged agreement is not ancillary.[24] To be ancillary, the charged agreement must be two things.

First, the agreement must be subordinate and collateral to a separate, legitimate business collaboration; and

Second, the agreement must be reasonably necessary to achieving the legitimate and pro-competitive purposes of the business collaboration.[25]

A legitimate business collaboration can be a business association, joint venture, or other similar productive relationship.[26]

The agreement is subordinate and collateral if it is imposed by and secondary to the

---

[24] *Northwest Wholesale Stationers, Inc. v. Pacific Stationery & Printing Co.*, 472 U.S. 284, 298 (1985) ("A plaintiff seeking application of the *per se* rule must present a threshold case that the challenged activity falls into a category likely to have predominantly anticompetitive effects."); *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 886 (2007) ("To justify a *per se* prohibition a restraint must have manifestly anticompetitive effects, and lack . . . any redeeming virtue.").

[25] *United States v. Aiyer*, 33 F.4th 97, 115 (2d Cir. 2022) ("[T]he ancillary restraints doctrine, which governs the validity of restrictions imposed by a legitimate business collaboration . . . exempts such agreements from the *per se* rule . . . ."); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1109 (9th Cir. 2021) ("These requirements are that the restraint must be (1) subordinate and collateral to a separate, legitimate transaction, . . . and (2) reasonably necessary to achieving that transaction's pro-competitive purpose." (citations and quotation marks omitted)).

[26] *United States v. Aiyer*, 33 F.4th 97, 115 (2d Cir. 2022) ("[T]he ancillary restraints doctrine, which governs the validity of restrictions imposed by a legitimate business collaboration, such as a business association or joint venture . . . exempts such agreements from the *per se* rule . . . ."); *1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 111, 120 n.12 (2d Cir. 2021) (noting that "the restrictions in the" "sourcing and services agreement" "may be best considered under the doctrine of ancillary restraints"); *Polk Bros., Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185, (7th Cir. 1985) ("A restraint is ancillary when it may contribute to the success of a cooperative venture that promises greater productivity and output."); *Aya Healthcare Services, Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1109 (9th Cir. 2021) (finding the parties' "subcontractor-subcontractee relationship" was a "separate, legitimate transaction" under the ancillary restraints doctrine); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 345 (3d Cir. 2010) ("An agreement by two competing manufacturers to price a product identically, for instance, would be ancillary if manufacture of the product were a collaborative effort between the two firms and the pricing agreement could reasonably be viewed as a necessary condition of the joint venture, which increased output.").

legitimate business collaboration.[27]

Finally, the charged agreement is reasonably necessary to the legitimate and pro-competitive purposes of the agreement if it has a reasonable procompetitive justification, related to the legitimate purposes of the business collaboration.[28] A pro-competitive purpose is a benefit that promotes competitiveness in the relevant industry.[29] To be reasonably necessary, the charged agreement does not need to be absolutely essential to achieve the pro-competitive benefits, and it does not need to be the only possible way to achieve those benefits.[30] Simply reducing costs is not a procompetitive benefit unless there is some wider pro-competitive effect in the aerospace

---

[27] *Texaco v. Dagher*, 547 U.S. 1, 7 (2006) ("[T]he ancillary restraints doctrine . . . governs the validity of restrictions imposed by a legitimate business collaboration, such as a business association or joint venture, on nonventure activities."); *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 337 (2d Cir. 2008) (Sotomayor, J. concurring) (("For example, price fixing between competitors—generally a per se illegal restraint—may be justifiable in certain circumstances when done as part of a joint venture."); *Rothery Storage & Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210, 224 (D.C. Cir. 1986) ("The ancillary restraint is subordinate and collateral in the sense that it serves to make the main transaction more effective in accomplishing its purpose.")..

[28] *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 337 (2d Cir. 2008) (Sotomayor, J. concurring) ("Accordingly, a challenged restraint must have a reasonable procompetitive justification, related to the efficiency-enhancing purposes of the joint venture, before that restraint will be analyzed as part of the venture. If none exists, the challenged restraint must be evaluated on its own and may be per se illegal even if the remainder of the joint venture is entirely lawful."); *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 719, 725–31 (6th Cir. 2019) ("Restraints that are ancillary to the legitimate and competitive purposes of the business association fall between core activity and naked restraints. . . . These are restraints by a joint venture that are not integral to the running of the joint venture, . . . but may contribute to the success of a cooperative venture. . . . A restraint is ancillary if it bears a reasonable relationship to the joint venture's success." (citations and quotation marks omitted)); *Polk Bros., Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185, (7th Cir. 1985) ("A restraint is ancillary when it may contribute to the success of a cooperative venture that promises greater productivity and output."); *Aya Healthcare Services, Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1109 (9th Cir. 2021) ("We agree with the district court that the challenged restraint is reasonably necessary to the parties' procompetitive collaboration. The purpose of the parties' contract was to supply hospitals with traveling nurses. The non-solicitation agreement is necessary to achieving that end because it ensures that AMN will not lose its personnel during the collaboration.").

[29] *Aya Healthcare Services, Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102, 1110 (9th Cir. 2021) ("The non-solicitation agreement, therefore, promotes competitiveness in the healthcare staffing industry—more hospitals receive more traveling nurses because the non-solicitation agreement allows AMN to give spillover assignments to Aya without endangering its establish[ed] network[ ] [of] recruiters, travel nurses, AVs, and of course, hospital customers.")

[30] *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 340 n.9 (2d Cir. 2008) (Sotomayor, J. concurring) ("Whether the externalities could be eliminated in a substantially less restrictive manner is an inquiry that should generally be part of a rule-of-reason analysis rather than part of a per se or quick-look approach.").

industry.[31]

---

[31] *New York ex rel. Spitzer v. Saint Francis Hosp.*, 94 F. Supp. 2d 399, 418 (S.D.N.Y. 2000) ("Defendants' [ancillary restraint] argument boils down to an assertion that competition would result in financial hardship on defendants."); *PLS.Com, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 836 (9th Cir. 2022) ("Although…dressed up in the language of economics," argument that a restraint "reduc[es] search and transaction costs … is not a procompetitive justification because it does not explain how the Clear Cooperation Policy enhances competition.").

*******************************************************************

At this point, I will pause with these instructions, and provide an opportunity for counsel for the Government and for Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus to make their closing arguments to you. Once they are finished, I will have some final instructions for you. Please remember, as I have instructed you throughout, that the arguments of the various lawyers are not evidence.

## PART III: FINAL INSTRUCTIONS

### A.     Possible Punishment

The question of the possible punishment of a defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not any defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon any defendant, if any or none are convicted, to influence your verdict in any way or to enter into your deliberations in any sense.

### B.     Note Taking

You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.  Your notes are not evidence and should not be shared. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record, rather than any juror's notes, upon which the jury must base its determination of the facts and its verdict.

C.    **Unanimous Verdict**

I remind you that the Government, in order to prevail, must prove all of the essential elements beyond a reasonable doubt, as I have already explained in these instructions. If the Government has proven all of the elements of a charge, your verdict should be "guilty"; if the Government fails to meet this burden of proof, your verdict should be "not guilty."

In order to return a verdict against Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus, it is necessary that each juror agrees with it. Your verdict, in other words, must be unanimous and represent the considered judgment of each juror. Your function is to weigh the evidence in the case and determine whether or not Mr. Patel, Mr. Harvey, Mr. Wasan, Mr. Houghtaling, Mr. Edwards, and Mr. Prus are guilty, solely upon the evidence. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. That is the very purpose of jury deliberations—to discuss and consider the evidence; to listen to the views of other jurors; to present your individual views; to consult with one another and to reach an agreement based solely and wholly on the evidence, if you can do so without violence to your own individual judgment. Until a verdict is agreed to by each juror, the verdict is not unanimous.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. You should not surrender your honest convictions, however, about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to

bring an end to deliberations. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to change your views simply because you are outnumbered or merely to bring an end to the deliberations. Your final vote must reflect your conscientious conviction as to how the issues should be decided. Remember at all times that you are not a partisan; rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

**D.**     **Additional Instructions**

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Court Marshal that the jury has reached a verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the Court Marshal, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must cease deliberations and not recommence deliberations until all jurors are present. It is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself but should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

Remember that your verdict must be unanimous as to the charge on the Verdict Form. That does not mean that if the jury takes a vote and it is not unanimous, the jury has reached a final decision one way or another. If at any time the jury does take an inconclusive vote—a vote that is not unanimous—the jury's vote is just that: inconclusive.

Remember also that your verdict must be based solely on the evidence in the case and the

57

law as I have given it to you, and not on anything else. Closing arguments or other statements or arguments of counsel are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

The Verdict Form have been prepared for your convenience. Focusing on the Verdict Form will assist you in your deliberations. You must complete and return the Verdict Form in court when you have reached a unanimous agreement as to your verdict. You will be asked to answer the question on the form, and your answer must be unanimous.

When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answer and date and sign the Verdict Form. If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response. Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free. Then inform the Court Marshal that you have reached a verdict. The Verdict Forms must be used only in connection with the charge I have just given to you. The terms used in the Verdict Forms are discussed in my instructions, and these instructions must govern your deliberations.

When you go into the jury room to begin your deliberations, you will have all the exhibits with you. Do not begin your deliberations until all the other exhibits have been provided to you. You will not have a transcript of the testimony. If you need to have testimony read back to you, we will arrange for that to happen. If you require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and any communication with the Court must be made to me in writing, signed by your foreperson, and given to the Court Marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom

so that I can address you orally. Please be patient, as it may take us some time to locate the portion of testimony that you would like read back.

I also must caution you that in your communications with the Court you should never reveal the numerical division of your votes at any time.

It is proper to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Take as long as you think necessary to fairly and impartially reach your verdict. Do not hurry your deliberations—render your verdict fairly, uprightly, and without a scintilla of prejudice.

Members of the jury, that concludes my instructions to you. Thank you for your patience and attention.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you. In this regard, I will ask you not to discuss the case while seated in the courtroom because the case has not yet been formally submitted to you.

*    *    *    *    *    *

At this time, it is my responsibility to excuse the alternate jurors who have sat dutifully through the trial. The rules of the Court require that the deliberations in criminal cases are only among twelve jurors. We select alternate jurors in case one of the twelve regular jurors is unable to continue as a juror. For now, the alternate jurors will be separately sequestered and alternate jurors 13–16 may now go to the jury room to retrieve their belongings and then will be directed to their assigned space.

*   *   *   *   *   *

Members of the jury, the Clerk will now escort you to the jury room where you will begin your deliberations.