UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| | : | |
| v. | : | |
| | : | |
| MAHESH PATEL, | : | April 2, 2023 |
| ROBERT HARVEY, | : | |
| HARPREET WASAN, | : | |
| STEVEN HOUGHTALING, | : | |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

**MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMINATION WITH INTERVIEW SUMMARIES**

The Government moves this Court *in limine* to preclude the improper cross-examination of fact witnesses with interview summaries prepared by federal agents. Such evidence and lines of inquiry are not statements of the person interviewed under the Jencks Act, and, therefore, are prohibited under the Federal Rules of Evidence.

**I.      Interview Summaries are Not Prior Witness Statements Under the Jencks Act.**

In order to provide for full and fair cross-examination, the Jencks Act requires that after a witness for the United States testifies on direct examination, the Government must provide, on motion of the defense, any statements made by the witness in the Government's possession that relate to the subject of his or her testimony. 18 U.S.C. § 3500(b). A statement within the meaning of the Jencks Act is defined as "a written statement made by said witness and signed or otherwise adopted and approved by him;" a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously;" or a statement made by a witness to a grand jury. 18 U.S.C. § 3500(e).[1]

---

[1] Here, the Government has provided witness interview summaries and materials in

In *Palermo v. United States*, the Supreme Court held that because the Jencks Act is meant to restrict the defendant's use of discoverable statements for impeachment, 360 U.S. 343, 349 (1959), "only those statements which could properly be called the witness' own words should be made available to the defense." *Id*. at 352. The Court went on to elaborate that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced." *Id*. at 352-53. To allow agents' interview summaries to be admitted under Jencks would disregard the purpose of the Act. *Id*. at 350 ("One of the most important motive forces behind the enactment of this legislation was the fear that an expansive reading of Jencks would compel the undiscriminating production of agent's summaries of interviews regardless of their character or completeness."). Additionally, the Court noted that it would be "grossly unfair" to allow impeachment of a witness with statements that were not the witness' own rather than the "product of the investigator's selections, interpretations, and interpolations." *Id*.

Consistent with *Palermo*, interview summaries are not discoverable under the Jencks Act for the witness whose statements are being summarized because they are not statements of the witness within the meaning of the statute. Unless a witness has reviewed and adopted an interview summary – which did not occur in this case – the interview summary is not a statement of the witness under subsection (e)(1) of the Jencks Act. Moreover, because the interview summaries are written after interviews are completed and reflect the thought process and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's statement under subsection (e)(2). As the Second Circuit has recognized, a "third party's

---

advance, usually months in advance, to the defense.

characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization." *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992).

## II. The Improper Use of Interview Summaries During Salvatore's Testimony

In Court on March 31 during the testimony of Jordan Salvatore, counsel for Defendant Wasan attempted to cross-examine the witness's testimony multiple times with federal agents' interview summaries of Mr. Salvatore. Counsel first cross-examined Mr. Salvatore on his testimony concerning the location of his meeting with Defendant Wasan by suggesting that Mr. Salvatore did not recall the location of the meeting. Tr. 663. At sidebar, the Government indicated that Mr. Salvatore did not have a lack of memory as to the location (to which the Court seemed to agree) and disputed counsel for Wasan's characterization that the interview summary was a prior inconsistent statement (to which the Court also seemed to agree). Tr. at 664. Upon further cross-examination, Mr. Salvatore maintained that he did not tell the Government in an earlier interview that the location of his meeting with Defendant Wasan was elsewhere. Tr. 666. Nevertheless, and over Government objection, the Court permitted Wasan's counsel to "refresh" Mr. Salvatore's memory when he did not have any memory lapse. Tr. at 666-67. Even thereafter, Mr. Salvatore maintained the testimony he gave on direct examination. Tr. at 668.

A similar line of cross-examination started with respect to Mr. Salvatore's previous testimony about who else was present at the February 17, 2016 meeting with Mr. Wasan. Tr. at 670-71. Although Mr. Salvatore maintained his did not think he told the Government anything different, Wasan's counsel began to call up another interview report of Mr. Salvatore before the trial day ended. Tr. at 670-71.

Mr. Salvatore has not previously seen, much less adopted, the interview summaries that Wasan's counsel has used to try to impeach him. As discussed above, these reports are not Mr. Salvatore's statements at all, much less inconsistent statements. And to the extent that Wasan's counsel is trying to "refresh" Mr. Salvatore's recollection, such questioning has thus far been improper because Mr. Salvatore has not testified as to a lack of memory.

### III.     The Court Should Preclude the Improper Use of Interview Summaries.

Accordingly, during the remaining cross examination of Mr. Salvatore and well as for other fact witnesses, the Government respectfully requests that the Court preclude (1) the introduction the contents of the interview summaries to impeach witnesses on the basis of inconsistent statements because the interview summaries are not the statements of the witnesses themselves; (2) the use of interview summaries to "refresh" a witness's recollection if there has been no proper foundation laid for the witness's lack of memory; and (3) Defendants from otherwise suggesting to the jury that the interview summary is a statement of the witness, for example by reading from interview summary while cross-examining the witness. *See, e.g.*, *United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the Federal Rules of Evidence).

The Government respectfully submits that this is necessary "to avoid . . . unfairness that results from the use of distorted and inaccurate material." *Lamma*, 349 F.2d at 340. The defense is, of course, free to ask a witness whether he or she made a statement that is reflected in an

4

interview summary. However, if the defense is not satisfied with the witness's answer, the defense may not publish or introduce the contents of the interview summary as a prior inconsistent statement. *See United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). Nor should they be permitted to improperly refresh the witness's recollection if there is nothing to refresh; merely badgering the witness to try to say something different is not permissible.

        Respectfully submitted,

        CARRIE A. SYME
        T. JAKOB SEBROW
        TRIAL ATTORNEYS
        U.S. Department of Justice, Antitrust Division
        26 Federal Plaza, Room 3630
        New York, NY 10278
        Tel.: (646) 714-1906

        */s/ David T. Huang*
        DAVID T. HUANG
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct30434
        United States Attorney's Office
        District of Connecticut
        157 Church Street, 25th Floor
        New Haven, CT 06510
        Tel.: (203) 821-3700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 2, 2023, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                         */s/ David T. Huang*
                                                         David T. Huang
                                                         Assistant United States Attorney