# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-CR-220 (VAB) |
| v. | |
| MAHESH PATEL, ROBERT HARVEY, HARPREET WASAN, STEVEN HOUGHTALING, TOM EDWARDS, and GARY PRUS, | |
| *Defendants*. | |

## DEFENDANTS' JOINT OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF IMMUNITY ORDERS

Defendants respectfully submit this opposition to the Government's Motion *in Limine* to Admit Evidence of Immunity Orders ("Motion" (ECF No. 497)). In its motion, the Government requests the Court revisit its decision precluding testimony on direct examination of an immunized witness about their immunity. But the Government goes further in the Motion, seeking not only to be permitted to elicit the witness is testifying pursuant to an order of immunity, but the witness' understanding of what that order means to him, and admission of the order itself.[1] All before the witness' credibility is ever challenged with respect to his status as an immunized witness.

The Court should swiftly deny the Motion because it contradicts well-established case law in the Second Circuit. As the Second Circuit Court of Appeals has recognized, absent an

---

[1] While the Government makes no mention of this in the Motion, the Government has advised counsel for the defense that it also wishes to elicit the witness' invocation of his Fifth Amendment rights not to incriminate himself, which is irrelevant, potentially grossly misleading, and utterly prejudicial.

1

attack on credibility based upon the witness' immunized status, the Rules of Evidence preclude the admission of the evidence the Government seeks to admit on direct.

The Government's legal argument relies solely on a First Circuit opinion that has been rejected by the Second Circuit Court of Appeals. Even so, the Government's authority is easily distinguishable from the case here. As Defendants have represented to the Court and the Government on numerous occasions, with respect to certain witnesses subject to compulsion orders, including a witness the Government intends to call on April 3, 2023, Defendants have no intention of questioning their credibility based on their status as immunized witnesses, and the Motion should therefore be, once again, denied.

**ARGUMENT**

I. **Established Second Circuit Caselaw**

The law in the Second Circuit is clear: "the Government may not introduce the bolstering aspects of a cooperation agreement unless and until the witness's credibility has been questioned in ways that 'open the door' to the admission of the agreement." *United States* v. *Certified Env't Servs., Inc.*, 753 F.3d 72, 86 (2d Cir. 2014).

In *Certified Environmental Services*, the Government's case-in-chief included several witnesses testifying pursuant to orders of immunity or cooperation agreements which could result in a reduced sentence in exchange for truthful testimony at trial. *Id.* The Government's opening statement included references to witnesses' plea agreements that obligated them to tell the truth and the Government also introduced into evidence on direct examination the entirety of the cooperation agreements. *Id.* at 87. The Government further asked one witness about their "understanding of what happens to your immunity if you provide false information today." *Id.*

The Second Circuit concluded that these actions, including the testimony elicited from the witnesses, was improper. Because Defendants had not attacked the credibility of the

2

witnesses, the Government could not introduce the bolstering aspects of the agreements. *Id.* at 86. The court explained that this rule "stems from 'well established rules of evidence' relating to relevance, hearsay, bias, completeness, and otherwise, that taken together, provide that 'absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible.'" *Id.* (citing *United States* v. *Arroyo-Angulo*, 580 F.2d 1137, 1146 (2d Cir. 1978)); *see also United States* v. *Borello*, 766 F. 2d 46, 56-57 (2d Cir. 1985). In fact, the Government *conceded* on appeal that the discussion of the bolstering aspects of the immunity agreements during the opening statement and during direct examination was improper. 753 F.3d at 88.

The Government's attempts to distinguish *Certified Environmental Services* fail. The Government asserts that it is not "introducing the immunity order to bolster the witness's testimony" but instead is using the orders to "provide critical context for the jury to assess the credibility of the immunized witness, which may include a permissible attack on his veracity by the Government." Motion at 4. This makes no sense. First, a juror does not need to know whether a witness has been immunized to judge his credibility. To the contrary, a juror evaluates a witness based on any number of factors, including demeanor, manner of answering questions, completeness of answers, and an evaluation of the testimony in light of the totality of the evidence presented. *See United States* v. *Campos*, 255 F. Supp. 853, 855–56 (S.D.N.Y.), *aff'd*, 362 F.2d 1011 (2d Cir. 1966). ("Although no rubric can be laid down for determination of credibility, certain factors or considerations may guide the fact finder. Important among these is the right of a jury or judge, in passing upon a witness' credibility, to consider from all that transpired at the hearing or trial a witness' interest, bias, or prejudice; his character, conduct or habits; his testimony in comparison with other evidence, oral or documentary; the appearance, manner and demeanor of the witness while testifying; his apparent

frankness and intelligence; his capacity for consecutive narration of acts and events; the probability or improbability of the tale related by him; and the advantages he appears to have had for gaining accurate information on the subject."); *see also* Annotated Proposed Jury Instructions, Section O, *United States* v. *Patel, et al.*, 21 Cr. 220 (VAB), ECF 456 ("You are the sole judges of the credibility of each witness and of the importance of his or her testimony. Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony, or did he or she contradict him or herself? Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately? In making that decision, you may also consider: The witness's opportunity to observe the events he or she described. The witness's intelligence and memory. The witness's bearing and/or demeanor while testifying. Whether the witness has any interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case. Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth or give you something other than a completely accurate account of the facts to which he or she testified? In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that witnesses may have towards the Defendants. Evidence that a witness is biased, prejudiced, or hostile requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. This is not to suggest that every

4

witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.").

The Government argues that *Certified Environmental Services* does not apply because "the witnesses here are not testifying pursuant to an agreement with the Government by which the Government is called on to assess the truth-telling of the witness." Motion at 4. However, the Government acknowledges that the agreements explicitly state that the immunity does not protect them from facing criminal charges for lying. *Id.* Introduction of a witness' immunity serves one purpose and one purpose only: to signal to the jury the possibility that a witness believes he may have done something wrong. The Government's Motion makes this plain, as it proffers that the jury must be able to understand, through testimony about immunity, the witness' understanding of the order, and the order itself, "why a witness who is admitting to conduct similar to the charged conduct is able to appear in court and testify without fear of himself being charged." Motion at 3.

But the Government once again fails to appreciate that witnesses may seek immunity for all types of reasons, especially where, as here, the Government, and perhaps not the witness, has concluded that appropriate, lawful conduct is illegal, and advises the witness or his counsel of that. Or the witness understands that others have been charged, despite his own beliefs regarding the conduct, and therefore, in an abundance of caution, seeks the protections afforded by immunity.[2] Simply put, the Government should not be rewarded for concluding that appropriate

---

[2] The Government fails to appreciate that the protections afforded by the Fifth Amendment extend to the innocent, and not merely the guilty. *Ohio* v. *Reiner*, 532 U.S. 17, 21 (2001) ("[W]e have emphasized that one of the Fifth Amendment's 'basic functions ... is to protect *innocent* men ... 'who otherwise might be ensnared by ambiguous circumstances.'") citing *Grunewald* v. *United States*, 353 U.S. 391, 421 (1957) (quoting *Slochower* v. *Board of Higher Ed. of New York City*, 350 U. S. 551, 557-558 (1956)) (emphasis in original)).

5

business conduct is unlawful, taking that position with a witness or his counsel, and then be allowed to have the jury conclude that the *witness himself* thinks he did something wrong.  In any event, that sentence in the Motion alone underscores how prejudicial admission of this evidence would be against the defendants, and for that reason alone, should be denied.

Finally, the well-established law in the Second Circuit is that the Government cannot elicit testimony or admit as evidence immunity agreements in order to establish a witness's credibility—or lack thereof—without Defendants first opening the door. The Defendants do not intend to and have not challenged the credibility of certain witnesses subject to compulsion orders on cross-examination.  If the Court determines that Defendants did "open the door" on cross examination, the Court of course may permit the Government to introduce the fact of immunity and the order on redirect.[3] Therefore, the Court should deny the Government's Motion.

## II. The Government's reliance on *United States* v. *McNeill* is misplaced.

The Government's Motion relies on a First Circuit decision, *United States* v. *McNeill*, 728 F.2d 5 (1st Cir. 1984).  The Second Circuit rejected *McNeill's* holding.

In *United States v. Borello*, the prosecutor attempted to read into the record the terms of the witness's cooperation agreement with the Government, even though the defendant had not previously attacked the witness's credibility. 766 F.2d 46, 56 (2d Cir. 1985). The agreement included a provision that the witness would waive their Fifth Amendment privilege against self-incrimination and provide truthful testimony or be exposed to prosecution for perjury. *Id.*  The

---

[3] Of course, even if the door is opened, the witness's invocation of the rights afforded to him under the Fifth Amendment should never be elicited due to the irrelevant nature of the testimony, the potential to mislead the jury as to whether the witness believes he committed an illegal act, and the prejudicial impact to the defendants on trial.

Second Circuit held that "[a]dmitting the entire agreement in evidence on direct examination, before a challenge to Montello's credibility, was directly contrary to the case law in this circuit." *Id.* The Court then noted that "[w]e recognize that other courts of appeals apparently disagree." *Id.* at n.20 (citing, *inter alia*, *United States v. McNeill*, 728 F.2d 5, 14 (1st Cir. 1984).

Even where *McNeil* has been cited with approval by a court in the Second Circuit, it was **after** Defendants attacked the witness's credibility during cross-examination. *See United States v. Livoti*, 25 F. Supp. 2d 390, 394 (S.D.N.Y. 1998), *aff'd*, 196 F.3d 322 (2d Cir. 1999).

Further, the facts of *McNeill* render it distinguishable from this case. In *McNeill*, the witnesses subject to the immunity agreements were close personal friends or co-workers of the *one defendant* on trial. 728 F.2d at 14. Here, while the individuals testifying pursuant to an order of immunity may know one or a few of the Defendants, none are close personal friends or co-workers of each and every one of the Defendants. There is no evidence that the immunized witnesses have close personal or professional ties to each of the Defendants that would suggest that they would not testify truthfully at trial. Nor has the Government credibly explained how, as in *McNeill*, "the very need for the immunity and compulsion orders in this case undercut the credibility of these witnesses." *Id*.

Rather, the Government has indicated that those witnesses may have culpability for conduct that the Government has concluded is a crime and in an abundance of caution those individuals sought the protections afforded to them by an immunity order. Once again, the Government is manufacturing the very need for these witnesses to seek immunity and be subject to the compulsion orders—further reason why the Government should not be able to use the immunity order or the witness' understanding of it, to improperly suggest to the jury that the witness himself thinks his actions were unlawful.

## CONCLUSION

For all of the reasons set forth above, the Court should deny the Government's Motion *in Limine* to Admit Evidence of Immunity Orders.

        Respectfully submitted,

        */s/ Brian E. Spears*
        BRIAN E. SPEARS (ct14240)
        IVAN LADD-SMITH (ct30982)
        LESLIE A. CAHILL (ct31242)
        Spears Manning & Martini LLC
        2425 Post Road, Suite 203
        Southport, CT 06890
        T: (203) 292-9766
        F: (203) 292-9682
        Email: bspears@spearsmanning.com

        *Counsel for Mahesh Patel*

        */s/ Guy Petrillo*
        GUY PETRILLO (pro hac vice)
        CAELYN STEPHENS (pro hac vice)
        Petrillo Klein & Boxer LLP
        655 Third Avenue 22nd Floor
        New York, NY 10017
        T: (212) 370-0330
        Email: gpetrillo@pkbllp.com

        PAUL MCCONNELL (ct29062)
        71 Elm Street, Suite 20
        New Canaan, CT 066840
        T: (203) 344-7007
        F: (203) 344-7009
        Email: paul.mcconnell@familylaw.com

        *Counsel for Robert Harvey*

        */s/ Marc A. Weinstein*
        MARC A. WEINSTEIN (pro hac vice)
        Hughes Hubbard & Reed LLP
        One Battery Park Plaza

New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*/s/ Craig A. Gillen*

CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)

Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920
Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: aclake@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

JAMES M. MORIARTY (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
T: (203) 368-4234
F: (203) 368-5485
Email: jmoriarty@zeislaw.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

*Counsel for Gary Prus*

## CERTIFICATE OF SERVICE

       I hereby certify that on April 2, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                            */s/ Brian E. Spears*
                                            Brian E. Spears