UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHESH PATEL, ROBERT HARVEY, HARPREET WASAN, STEVEN HOUGHTALING, TOM EDWARDS, and GARY PRUS,<br><br>*Defendants*. | Case No.<br>3:21-CR-220 (VAB)<br><br><br><br><br><br>April 3, 2023 |

**DEFENDANTS' JOINT OPPOSITION TO
THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
CROSS-EXAMINATION WITH INTERVIEW SUMMARIES**

The government seeks a ruling precluding the cross-examination of fact witnesses — its purported victims — with reports of interviews prepared by agents of the Department of Defense's ("DOD") Defense Criminal Investigative Service. (ECF 496 (the "Motion").) Defendants Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards, and Gary Prus (collectively, "Defendants") oppose the Motion to the extent the government seeks to preclude Defendants from: (i) admitting into evidence as prior inconsistent statements any verbatim statements in DOD reports that conflict with trial testimony; (ii) using DOD reports to refresh witness recollections; or (iii) questioning witnesses about prior statements reflected in DOD reports.

**I.  Verbatim Witness Statements are Admissible Under Rule 613**

Federal Rule of Evidence 613(b) allows for the admission of "[e]xtrinsic evidence of a witness's prior inconsistent statement." A witness's recorded statement prepared by a third party may be admissible provided it is "a verbatim transcript of the witness's own words." *United*

*States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992); *see also United States v. Calhelha*, 456 F. Supp. 2d 350, 371 (D. Conn. 2006) ("law enforcement reports . . . while not actual verbatim transcripts of the witness interviews . . . might, if property redacted . . . constitute substantially verbatim recitals of each witness's statements.").

Even limiting the Court's review to the prior DOD statements of government witness Jordan Salvatore, there are several instances of what appear to be "substantially verbatim" statements, as they are memorialized in quotations marks, and include the rationale for the use of specific quoted words. *See, e.g.*, DX-7311 at 3; DX-7314 at 2-3; DX 7314 at 4. Moreover, the interview memos largely contain running narratives (as opposed to intermittent notes) akin to a substantially verbatim transcript.

If Salvatore or any witness were to contradict or disavow a substantially verbatim statement such as these, Defendants should be permitted to confront the witness regarding the statement and to admit the prior statement in the DOD reports into evidence pursuant to Federal Rule of Evidence 613.

## II. Defendants Should be Permitted to Use DOD Reports to Refresh Witnesses' Recollections

In the Second Circuit, "any writing may be used to refresh the recollection of a witness, eve[n] if that writing is not made by the witness himself[.]" *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975) (affirming conviction where government prepared memorandum was used to refresh witness's recollection) (citing Wigmore on Evidence, Vol. III, ss 758-9); *see also United States v. Ray*, No. 20 Cr. 110 (LJL), 2022 WL 558146, at *15 (S.D.N.Y. Feb. 24, 2022) (ruling that "depending upon how the evidence is developed at trial, there may be circumstances under which the [FBI Form 302] notes can be admissible as a past recollection recorded or be used to refresh recollection"); *cf. United States v. Hoskins*, No. 3:12-cr-238 (JBA)

(D. Conn.) (Order Aug. 9, 2019) (denying without prejudice government motion *in limine* to preclude defendant from cross-examining government witnesses about interview summaries).

"It is entirely appropriate for defense counsel to ask a witness if his/her story has changed, and, as part of that, to show the witness a 302 to see whether it refreshes recollection." Hon. District Judge Katherine B. Forrest, S.D.N.Y., "Guidelines Regarding Appropriate Use of 302 Forms in Criminal Trials." (June 11, 2018), available at https://blog.federaldefendersny.org/wp-content/uploads/2018/06/Forrest-on-302s.pdf. Judge Forrest elaborated that it would be permissible to ask, for example, "On direct you testified 'X.' Isn't it true that you previously told the FBI agents 'Y'?" or "Do you recall being interviewed by the FBI on X date? Didn't you tell the FBI agents 'Y'?" *Id.*

This is exactly the line of questioning defense counsel pursued during Mr. Salvatore's testimony on March 31, and intends to pursue with subsequent witnesses who testify inconsistent with prior government interviews.

### III. Defendants Should be Permitted to Cross-Examine Witnesses by Asking about Prior Statements Memorialized in the DOD Reports

The DOD reports are digitally signed by both a preparing government Special Agent and a supervising Special Agent (*see* DX-7311 at 4) and provide a good faith basis for questioning witnesses, such as Mr. Salvatore, whose statements are reflected in the reports, or the authors of the reports, should they testify, about any statements therein. *See Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996) (requiring a good faith basis for questions relating to truthfulness).

### IV. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny the Government's Motion to preclude cross-examination with interview summaries. Defendants should be permitted to admit a substantially verbatim prior statement of a witness into evidence,

use government reports to refresh a witness's recollection, and ask questions for which they have a good faith basis, including those grounded in recorded statements of the government's witnesses.

Respectfully submitted,

*/s/ Marc A. Weinstein*
MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
IVAN LADD-SMITH (ct30982)
LESLIE A. CAHILL (ct31242)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Guy Petrillo*
GUY PETRILLO (pro hac vice)
LEONID SANDLAR (pro hac vice)

CAELYN STEPHENS (pro hac vice)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

PAUL MCCONNELL (ct29062)
71 Elm Street, Suite 20
New Canaan, CT 066840
T: (203) 344-7007
F: (203) 344-7009
Email: paul.mcconnell@familylaw.com

*Counsel for Robert Harvey*


*/s/ Richard F. Albert*
RICHARD F. ALBERT (pro hac vice)
ANDREW DENNIS DILLON (pro hac vice)
JORJA KNAUER (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

*/s/ Craig A. Gillen*
CRAIG A. GILLEN (pro hac vice)
ANTHONY CHARLES LAKE (pro hac vice)
Gillen Withers & Lake LLC
400 Galleria Parkway
Suite 1920

Atlanta, GA 30339
T: (404) 842-9700
F: (404) 842-9750
Email: cgillen@gwllawfirm.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein
& Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

KENNETH ROSENTHAL (ct05944)
Law Office of Kenneth Rosenthal
One Audubon Street, 3d Fl.
New Haven, CT 06511
T:(203) 915-4235
F: (203) 306-3286
Email: krosenthal@gs-lawfirm.com

*Counsel for Gary Prus*

## **CERTIFICATION OF SERVICE**

I hereby certify that on April 3, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
April 3, 2023

    /s/ *Marc A. Weinstein*
Marc A. Weinstein (*pro hac vice*)
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com